**(COMMON LAW.)**

## RENNER & BUSSARD v. MARSHALL.

The commencement of another suit for the same cause of action in the court of another state since the last continuance, cannot be pleaded in abatement of the original suit.

If matter in abatement is pleaded *puis darrein continuance*, the judgment, if against the defendant, is peremptory.

Where the action is brought for a sum certain, or which may be rendered certain by computation, judgment for the damages may be entered by the court without a writ of inquiry.

ERROR to the circuit for the district of Columbia for Washington county. The defendant in error, at June term, 1813, declared against the plaintiffs in error in assumpsit, upon an inland bill of exchange drawn by one Rootes on Renner & Bussard, and accepted by them; to which declaration they pleaded *non-assumpsit*, and issue was thereupon joined, and the cause was continued to December term, 1813. At that term the plaintiffs in error appeared and

1816.

Renner and
Bussard
v.
Marshall.

pleaded, " that, after the last continuance of the plea aforesaid, to wit, the first Monday of June, in the year one thousand eight hundred and fourteen, from which day the plea aforesaid was farther continued here until this day, to wit, the fourth Monday of December, in the year last aforesaid, and before this day. to wit, on the nineteenth day of October, in the year last aforesaid, before the superior court of chancery of the commonwealth of Virginia, &c., the plaintiff exhibited his certain bill of complaint against the defendants, &c.; and also against one Anthony Buck and one Miles Dowson, complaining and alleging in his said bill, that on the twelfth day of October, in the year one thousand eight hundred and twelve, Thomas R. Rootes drew his bill of exchange upon the defendants, &c. And the said defendants farther say, that the plea aforesaid, for which the said defendants, by the said plaintiff in the said bill of complaint mentioned, are impleaded in the said superior court of chancery as aforesaid, is for the same identical matter and cause of action, of, and for which the said plaintiff hath now impleaded the said defendants, Renner & Bussard," &c. To which the plaintiff replied the prior pendency of the suit in the circuit court; and the defendants rejoined in substance the same matters as contained in their plea, whereupon the plaintiff demurred specially. Upon which the court rendered judgment, " that the plea of the said Daniel Renner and Daniel Bussard by them above pleaded, to the writ and declaration of the said Horace Marshall, and the plea of the said Daniel Renner and Daniel Bussard, by way

of rejoinder to the said replication of the said Horace Marshall, and the matters therein contained, are not sufficient in law to preclude him, the said Horace Marshall, from maintaining his action aforesaid; therefore it is considered by the court here, that the aforesaid Horace Marshall recover against the said Daniel Renner and Daniel Bussard, as well the sum of, &c., his damages," &c.

The cause was argued by *Jones* and *Key*, for the plaintiff in error, and by *Lee* for the defendant in error.

STORY, J., delivered the opinion of the court.

The first question in this case is, whether the commencement of another suit for the same cause of action in the court of another state, since the last continuance, can be pleaded in abatement of the original suit. It is very clear that it cannot. A subsequent suit may be abated by an allegation of the pendency of a prior suit; but the converse of the proposition is, in personal actions, never true. The decision of the circuit court of the district of Columbia overruling the plea was therefore correct.[a]

*a* The exception *rei judicatæ* applies only to final or definitive sentences in another state, or in a foreign court, upon the merits of the case; and the rule has even been applied to the pendency of a cause in an inferior court in the same state. *9 Johns. Rep.* 221. Bowe v. Joy, and the authorities there cited. *Sed quære*, if it were alleged that the *inferior* court had jurisdiction? *Fitzg.* 314. But whether the suit be pending in a foreign or a domestic court, a prior suit cannot be abated by the allegation of the pendency of a suit subsequently brought.

1816

Renner and
Bussard
v.
Marshall.

The next question is, whether the judgment rendered on the overruling of the plea ought to have been peremptory, or an award of *respondeas ouster*. This point is completely settled by authority. If matter in abatement be pleaded *puis darrein continuance*, the judgment, if against the defendant, is peremptory as well on demurrer as on trial.[b]

The last question is, whether judgment could be entered up for the plaintiff for the amount of his damages by the court, without a writ of inquiry. This also is completely settled by authority in all cases whether the action is brought for a sum certain, or which may be made certain by computation.[c]

Judgment affirmed with costs.

---

[b] See 1 *Chitty on Plead.* 636. Theluson v. Fletcher. 1 *H. Bl.* 352. Rashleigh v. Salmon. 1 *H. Bl.* 529. Andrews v. Blake. 1 *H. Bl.* 541. Longman v. Fenn. 3 *Dall.* 355. Brown v. Van Braam. 1 *Dall.* 185. Graham v. Bickham. 4 *Dall.* 149. Graham v. Bickham.

[c] See 2 *Williams' Saunders*, 107. Holdip v. Otway, note 2. 5 *T. R.* 87. Maunsell v. Lord Masareene, 8 *T. R.* 326. Butler v. Street. 8 *T. R.* 395. Nelson v. Sheridan. 8 *T. R.* 410. Byron v. Johnson, *Dougl.* 302.