## THORPE et al. v. NATIONAL CITY BANK OF TAMPA.

(Circuit Court of Appeals, Fifth Circuit. June 16, 1921.)

No. 3667.

1. **Appeal and error** ⬅️⟶1172(2)—**Appellate court may reverse severable judgment in part.**

   A Circuit Court of Appeals has power to set aside only a part of a judgment, where it embraces different items, some of which are not in question.

2. **Damages** ⬅️⟶204—**Default does not concede amount of damages, which must be determined on writ of inquiry.**

   Default by a defendant does not concede the amount of the damages, but only that plaintiff is entitled to recover some damages, and defendant may contest the amount of the damages on the writ of inquiry.

3. **Courts** ⬅️⟶352—**Jury** ⬅️⟶12(3)—**On default, question of reasonableness of attorney's fee provided for by note held to be submitted to a jury.**

   In action in federal court sitting in Florida on a promissory note providing for a reasonable attorney's fee, in which action defendant defaulted and judgment of default was entered against him, the court, on affidavits of plaintiff claiming more than 10 per cent. of principal of note, which was more than $20, to be a reasonable fee, was required to submit issue of reasonableness of fee to jury; the Seventh Amendment to federal Constitution requiring a jury trial in suits at common law when amount in controversy is over $20 controlling Florida Statutes (Rev. Gen. St. 1920, § 4854), which made it the duty of the court to determine the reasonableness of the fee in such case.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by the National City Bank of Tampa against E. M. Thorpe and another. Judgment for plaintiff, and defendants bring error. Reversed in part.

---

⬅️⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hilton S. Hampton, of Tampa, Fla., for plaintiffs in error.

K. I. McKay and R. W. Withers, both of Tampa, Fla., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The National City Bank of Tampa brought suit, by attachment, in the circuit court of Hillsborough county, Fla., against E. M. Thorpe and J. R. Paschall, the defendants, each of whom was a nonresident citizen of another state, to recover on a promissory note the sum of $7,000 principal, 10 per cent. interest from maturity, and a reasonable attorney's fee, as stipulated in said note. The defendants removed said case to the United States District Court for the Southern District of Florida and entered an appearance therein.

On December 6, 1920, a default judgment for failure to answer or plead was entered, and on December 9, 1920; the court reciting the appearance of defendants, their failure to plead or defend, and the entry of the default judgment, and finding that $100 was paid on said note on December 1, 1920, "and the said plaintiff having also submitted to the court affidavits from J. F. Glen and A. G. Turner, practicing attorneys of this court, proving the amount of attorney's fees plaintiff is entitled to recover in said cause, and the court being otherwise fully advised in the premises, doth assess the damages of the plaintiff at the sum of $7,375.82, for principal and interest, together with the further sum of $797.58 attorney's fees," and rendered judgment for $8,173.40, with costs.

The defendants sued out a writ of error, assigning as error: (1) The allowance of attorney's fees, on the ground that the fee allowed exceeded 10 per cent. (2) That the court erred in rendering final judgment on the ground that, the case not having been submitted to a jury and the note providing for reasonable attorney's fees, it was error for the trial court to enter a judgment including attorney's fees for any amount.

It will be perceived that the entire error complained of is to the rendition of a judgment, including attorney's fees. There is no error assigned in the judgment, in so far as the principal and interest is concerned. The judgment finds each amount separately. The only unliquidated amount was what was a reasonable attorney's fee contracted to be paid.

It is quite plain that there was no issue as to the sum due as principal and interest; the note sued on fixing the sum, and the defendants by their default raising no issue thereon. In a suit on a bill of exchange for a fixed amount, where the defendant's plea is stricken on demurrer, a writ of inquiry is not necessary. Renner & Bussard v. Marshall, 1 Wheat. 215, 4 L. Ed. 74.

[1] This court has power to affirm, modify, or reverse any judgment lawfully brought before it for review, or to direct such judgment to be rendered, or further proceedings to be had, as the justice of the case may require. United States v. Ill. Surety Co., 226 Fed. 653, 664, 141 C. C. A. 409. Whatever may be the rule under the common law, where unmodified by statute, as to the power of a court to grant

a new trial in part, or as to a severable sum involved in the suit, we think there is no doubt as to the power of this court to set aside only a part of a judgment, where embracing different items, some of which are not in question. It is therefore quite clear that we are not required to set aside the judgment, so far as it awards the principal and interest on the note, and that the only question is: Should the judgment as to the $797.58, attorney's fees, be set aside? Farrar v. Wheeler, 145 Fed. 482, 486, 75 C. C. A. 386; Insurance Co. v. Piaggio, 16 Wall. 378, 387, 21 L. Ed. 358; New York & C. Railroad Co. v. Estill, 147 U. S. 591, 622, 13 Sup. Ct. 444, 37 L. Ed. 292.

The principal attack made thereon is that they were adjudged to be reasonable by the judge without the intervention of a jury. The statutes of Florida regulating contracts for attorney's fees require that they should be adjudged by the court:

"Provided, * * * it shall not be necessary for the court to adjudge an attorney's fee, provided in any note or other instrument of writing, to be reasonable or just, when such fee does not exceed ten per cent. of the principal sum named in said note, or other instrument of writing." Chapter 6870, Laws of Florida 1915; Rev. Gen. Sts. of Fla. of 1920, § 4854.

In this case the contract is only to pay a reasonable attorney's fee, and this is an amount to be ascertained and fixed by the court.

Prior to the act (Laws of Fla. 1915, c. 6870) declaring an attorney's fee not exceeding 10 per cent. of the principal of a note or other contract in writing reasonable, the court was not bound by a fixed sum agreed on in the writing, and is not now, when it exceeds said 10 per cent. Cooper Grocery Co. v. Citizens' Bank & Trust Co., 62 Fla. 142, 56 South. 435. This judgment for attorney's fees being for more than 10 per cent. of the principal of the note sued on, they should have been found to be reasonable, on proper proof, by the tribunal appointed by the law.

It will be noted that, in holding a writ of inquiry of damages not necessary in a suit on an inland bill of exchange, the Supreme Court of the United States held that where the action is brought for a sum certain or which can be rendered certain by computation, judgment for damages may be entered by the court without a writ of inquiry. Renner & Bussard v. Marshall, 1 Wheat. 215, 4 L. Ed. 74. Under the Seventh Amendment to the Constitution of the United States, where an issue of fact exists, the federal courts must in cases at common law submit it to a jury.

[2] A default by a defendant does not concede the amount of the damages; but only that the plaintiff is entitled to recover some damages. Without plea he is entitled to contest the amount of the damages on the writ of inquiry. 8 R. C. L. § 214, p. 672; Watson v. Seat & Crawford, 8 Fla. 448.

[3] As was said by Circuit Court Judge Pardee:

"But it is well to notice that while in the United States courts, in cases at law, we follow as near as practicable the practice, pleadings, and forms and modes of proceeding, of the state courts of record, yet the Constitution and laws of the United States require all issues of facts in common-law cases to be determined by a jury, unless the same is waived in writing by the parties." Lanning v. Locket (C. C.) 11 Fed. 814, 817.

We hold, therefore, that in this case, where more than 10 per cent. of the principal is claimed, the question of what was a reasonable fee raised an issue of fact, which should have been submitted to a jury. Parker v. Dekle, 46 Fla. 452, 35 South. 4; Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029.

The judgment of the District Court, finding the principal and interest due on the note in favor of the plaintiff, is affirmed. The judgment finding the amount of $797.58 as attorney's fees is reversed, with direction that the issue as to attorney's fees be submitted to a jury in accordance with this opinion.