## PALUCHOWSKA v. UNITED STATES LINES CO., Inc.

United States District Court
S. D. New York.

Aug. 9, 1950.

Silas B. Axtell, New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant United States Lines Co.

McGOHEY, District Judge.

This is a civil action for personal injuries alleged to have been caused by the negligence of the defendant which controlled the vessel upon which plaintiff was a passenger when she was injured.

Defendant moves to dismiss the complaint on the ground that there is pending in this court a prior admiralty suit against it by

this plaintiff on account of the same injuries and for the same relief. The opposing affidavit of plaintiff's attorney asserts that plaintiff has no wish to prosecute the libel and that defendant has declined his offer to stipulate for its dismissal.

While defendant moves generally under the Federal Rules of Civil Procedure, 28 U. S. C. A., there is no rule which specifically authorizes the relief sought, and the validity of its position depends upon the case of Renner & Bussard v. Marshall, 1816, 1 Wheat. 215, 4 L.Ed. 74, which it has cited.

That case held that where a plaintiff brings an action for the same cause against the same defendant in two different jurisdictions, the defendant will not be permitted to abate the first action by pleading the latter. The defendant here relies heavily upon Mr. Justice Story's statement in that case 1 Wheat. at page 217, 4 L.Ed. 74: "A subsequent suit may be abated, by an allegation of the pendency of a prior suit; but the converse of the proposition is, in personal actions, never true."

In Stanton v. Embrey, 1876, 93 U.S. 548, 23 L.Ed. 983, plaintiff sued defendants first in Connecticut, then in the District of Columbia. In the latter suit the defendants unsuccessfully pleaded the Connecticut suit in abatement. The Court said 93 U.S. at page 554, 23 L.Ed. 983: " * * * it is insisted by the defendant in error [plaintiff] that the pendency of a prior suit in another jurisdiction is not a bar to a subsequent suit in a circuit court or in the court below, even though the two suits are for the same cause

of action; and the court here concurs in that proposition."

It would thus appear that the Supreme Court did not approve Mr. Justice Story's earlier dictum anent abatement of a subsequent suit, and that the rule is that where like suits are brought in different jurisdictions by the same plaintiff against the same defendant neither suit can bar prosecution of the other. The rule appears to be otherwise when both actions are brought in the same jurisdiction. Insurance Co. v. Brune's Assignee, 1877, 96 U.S. 588, 592, 24 L.Ed. 737.

For the Court to determine the present motion on the basis of the above distinction by deciding whether suits brought in the same District Court, one in Admiralty, the other on the civil side, are in the same or different jurisdictions, would be to act on technicalities in a way that would contravene the modern approach to judicial decision.

The true basis for barring a second suit is the sound desire to protect the defendant from vexation. See Insurance Co. v. Brune's Assignee, supra. That is a danger with which the present defendant is not confronted since the plaintiff does not desire to prosecute the libel any further and indeed offers to stipulate for its dismissal.

Defendant's motion is therefore denied and the plaintiff will be enjoined from prosecuting the libel.

Submit order.