**Robert J. GILL, Plaintiff,**

v.

**Julius STOLOW and Harry Stolow, copartners, doing business under the firm name and style of J. & H. Stolow, Defendants.**

United States District Court
S. D. New York.
Oct. 13, 1955.

See also 18 F.R.D. 323.

Milbank, Tweed, Hope & Hadley, New York City, for plaintiff.

Joseph F. Minutolo, New York City, for defendants.

LUMBARD, Circuit Judge.

■ On September 1, 1955, I filed an opinion granting plaintiff's motion to strike the answer of defendant partnership and enter default judgment against it pursuant to Rule 37(d), Fed.Rules Civ.Proc. 28 U.S.C.A., for the failure of co-partner Harry Stolow to appear for the taking of his deposition on July 27, 1955. Defendant now moves for reargument of the motion for default judgment and for an order setting aside the default. After consideration of the affidavits and memoranda submitted on reargument, I am of the opinion that there has been no reason shown why I should not adhere to my original decision. Presentation of Harry Stolow at this late date cannot cure his failure to appear when the Court ordered him to do so. Nor do the affidavits presented on reargument add any new substance to the excuses offered in behalf of Mr. Stolow on the original motion. Default judgment will therefore be entered in accordance with my original opinion.

■ I am also of the opinion that the objections raised against holding the partnership in default for Mr. Stolow's nonappearance are without substance. Rule 37(d) provides that the failure of a party's "managing agent" to appear for taking of a deposition justifies a default against the party. This language is adequate to cover the nonappearance of a partner such as Harry Stolow was admitted to be by defendant's answer.

■■ The question of damages here is a complex one, difficult to determine. The damages sought are substantial, composed of a number of elements, and based in part upon the uncertain value of rare stamps. I am of the opinion that such damages can be determined only after a hearing, at which the defendant should be permitted to introduce evidence on all the issues relating to the amount of damages. Although defendant has requested a jury trial in this case, he has no right to have the matter referred to a jury after default. 6 Moore's Federal Practice 172 (2d Ed. 1951). Nor does Rule 55(b) (2), F.R. C. P., require that a jury determine the damages. Although it is no doubt within my discretion to order a jury trial on this issue, in view of the defendant's dilatory tactics I think it is inappropriate to further delay the proceedings by placing the matter on the heavily burdened jury calendar. The plaintiff's damages should be determined on a hearing before the Court without a jury.

Settle order on notice.