**John W. KORMES**

v.

**WEIS, VOISIN & CO., INC.,**

and

**Lois Alexander.**

**Civ. A. No. 73–929.**

United States District Court,
E. D. Pennsylvania.

Jan. 24, 1974.

Charles L. Katz, Solo, Bergman & Padova, Philadelphia, Pa., for plaintiff.

Stephen A. Shaiman, Sklar, Pearl, Lichtenstein & Sklar, Philadelphia, Pa., for defendant: Lois Alexander.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Plaintiff, John W. Kormes (hereinafter Kormes), instituted this action against defendants, Weis, Voisin & Co., Inc. (Weis) and Lois Alexander (Alexander), pursuant to the provisions of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78a et seq. and Rule 10b–5 of the Securities and Exchange Commission. Jurisdiction is based on § 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331 and 1337.

In its present posture, the litigation before us presents this question for determination: In a case in which a demand for a trial by jury was initially made by plaintiff when he filed his com-

plaint, does defendant have a right to insist on a jury trial limited solely to the issue of damages, after there has been an entry of default as to liability by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and a subsequent denial by the Court of a motion under Rule 55(c) to set aside that entry of default?

The relevant facts may be summarized as follows: On April 24, 1973, plaintiff Kormes filed his complaint, with jury trial demand, naming as defendants Miss Alexander and her former employer, Weis, Voisin & Co., Inc. The process record of the U. S. Marshall shows personal service on defendant Alexander, and service on Bernard Keller for the corporation, both dated April 26, 1973. Thereafter, on May 30, 1973, the United States District Court for the Southern District of New York, in the case of Securities and Exchange Commission v. Weis Securities, Inc., Civil Action No. 72 Civ. 2332, appointed a trustee for the liquidation of Weis, pursuant to provisions of the Securities Investor Protection Act of 1970. That order, *inter alia*, enjoined all persons from "commencing, prosecuting, continuing or enforcing any suit or action or proceeding of any kind" against Weis. An order of this Court, dated August 28, 1973, stayed proceedings in the instant case as to defendant Weis.

Plaintiff, however, continued to press his suit against individual defendant Alexander, and applied to the Clerk for the entry of default against her on August 15, 1973. Miss Alexander did not retain counsel until sometime after November 1, 1973, and thereafter was represented at hearings held by this Court on No-

vember 16, 1973, and December 21, 1973. At the conclusion of the latter hearing, we denied her motion to set aside the entry of default, and ordered the cause to proceed to a determination of damages, pursuant to the provisions of Rule 55(b)(2).

Miss Alexander thereafter moved for a jury trial on this sole remaining issue. Plaintiff has moved to strike this demand and to have the matter transferred to the nonjury calendar.

Rule 55(b)(2) requires the Court in fixing damages after the entry of default to "accord a right of trial by jury to the parties when and as required by any statute of the United States." It is conceded that no statute of the United States accords a right of trial by jury to any party in this case.

Although there is no decision of the United States Supreme Court on the question,[1] it is generally agreed that neither party has a constitutional right to a jury trial on the issue of damages after the entry of default.[2] Gill v. Stolow, 18 F.R.D. 508, 22 F.R.Serv.2d 37d.33, Case 1, rev'd on other grounds 240 F.2d 669 (2d Cir. 1957). See 5, 6 Moore's Federal Practice ¶¶ 38.19[3], 55.07; Wright and Miller, Federal Practice and Procedure: Civil § 2688.

In the present case, however, plaintiff has indorsed a jury demand on his complaint pursuant to Rule 38(b). Rule 38(d) provides that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Defendant Alexander has never consented to the withdrawal of the jury demand by plaintiff. To the contrary, she vigorously resists

---

1. It has been argued that by adopting Rule 55 the Supreme Court implicitly recognized that there is no constitutional right to a jury trial on the issue of damages after default, since Rule 55(b)(2) accords a right of jury trial only when required by a *statute* of the United States. Compare the language of Rule 38(a), which preserves the right to a jury trial "as declared by the Seventh Amendment to the Constitution or as given

by a statute of the United States." See 5 Moore's Federal Practice ¶ 38.19 [3], note 3.

2. At least one case, prior to the adoption of the Federal Rules, has held that there is a constitutional right to a jury determination of damages after a default. Thorpe v. National City Bank of Tampa, 274 F. 200 (5th Cir. 1921).

any attempt by defendant to have the issue adjudicated otherwise.

██ Several cases have held that the protection of Rule 38(d) is extended to the defendant after the entry of default, when Rule 55(b)(2) requires a determination of damages. Cinque v. Langton, 8 F.R.Serv. 55b.224, case 1 (E.D.N.Y. 1944); Bass v. Hoagland, 172 F.2d 205 (5th Cir. 1949). See also Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34 (1954).[3]

In the recent Third Circuit case of Hutton v. Fisher, 359 F.2d 913 (3d Cir. 1966), Judge Hastie cited with approval the *Cinque* and *Bass* cases, *supra,* and discussed the problem in the following terms:

> While the provisions of Rules 38 and 39, Federal Rules of Civil Procedure, concerning notice and consent in connection with requests for and waivers of jury trial are not expressly made applicable to default situations in which the issue of damages must be tried, we think the requirements of notice and consent stated in those rules should in fairness and logic be applied to cases of the present type. For even one who fails to contest liability on an unliquidated claim has a vital interest in the subsequent determination of damages and is entitled to be heard on that matter. *Hutton, supra,* at 916.

Under the facts of the present case, we will "in fairness and logic" apply the consent requirement of Rule 38(d) to the default situation of Rule 55(b)(2), and will in the exercise of our discretion grant a jury trial to defendant Alexander limited to the issue of damages.

3. Moore has criticized the *Cinque* decision, on the ground that, while the jury may be the cheapest and best tribunal for the trial of the damage issue, "[i]t is not true, however, that because plaintiff demands a jury, which he cannot withdraw to the defendant's prejudice, that the court is bound to have the damages assessed by a jury, for the court may on its own initiative determine that there is no constitutional nor statutory right of jury trial." Moore concedes, however, that particular circumstances may impel a judge in the exercise of a sound discretion to grant a jury trial even though there is no constitutional nor statutory right thereto, citing *Cinque, Bass,* and *Barber.* 5 Moore's Federal Practice ¶ 38.19 [3].