**FRANKART DISTRIBUTORS, INC., Plaintiff,**

v.

**Leon J. LEVITZ and Arnold A. Smith, Defendants.**

**Bernard A. FRANKEL, Lillian Frankel, Paul Frankel and Robert E. Kirsch, Plaintiffs,**

v.

**JOHN F. LAWHON FURNITURE COMPANY, Leon J. Levitz and Arnold J. Smith, Defendants.**

**Nos. 85 CV 3452, 85 CV 3173.**

United States District Court, E.D. New York.

Aug. 5, 1992.

Kaplan & Kilsheimer, New York City (Mark W. Gaffney, of counsel), for plaintiff.

Cullen & Dykman, Brooklyn (Cynthia Boyer Okrent, of counsel), Friedman, Rodriguez & Pena, P.A., Miami, Fla. (Paul D. Friedman, of counsel), for defendant Levitz.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

These actions were the subject of Memoranda and Orders dated August 16, 1990 (the 1990 Order), 1990 WL 127697, July 11, 1991 (the 1991 Order),1991 WL 150856, and March 5, 1992 (the 1992 Order), familiarity with which is assumed. Defendant Leon J. Levitz objects in part to the 1992 Order vacating the judgments as to damages against him and referring the action to Magistrate–Judge Chrein to hear and report on damages.

### I.

On September 17, 1985, plaintiff Frankart Distributors, Inc. (Frankart), a New York furniture distributor, brought one of these actions, 85 CV 3452, (the Frankart Action), against Levitz and Arnold A. Smith. Levitz was the Chairman and 30% shareholder of John F. Lawhon Furniture Company (later W. & J. Sloane Corp.) (Lawhon), and Smith was a director and 12% shareholder of Lawhon. The action was for breach of contract, fraud and negligence under state law in Lawhon's acquisition of Frankart's furniture inventory. Plaintiff demanded a trial by jury.

In a related action, 85 CV 3173 (the Frankel action), plaintiffs Bernard, Lillian, and Paul Frankel and Robert Kirsch (Shareholders), the shareholders of various corporations operating as Frankart furniture retailers, brought an action against Lawhon, Levitz and Smith for securities fraud under Sections 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t, and state common law. This

complaint also stated a demand for a jury trial.

On October 18, 1985 Levitz stipulated in both actions to a month extension to answer or otherwise move. That date to answer was again extended until December 6, 1985, and again until December 27, 1985. Further stipulations were granted extending the time to answer because the parties were engaged in settlement negotiations. In early May 1986 plaintiffs declined to extend further Levitz's time to answer. He never answered the complaints.

In July 1986 the court granted default judgments in the Frankart Action and the Frankel Action for $1,750,000 and $2,184,569, plus attorneys' fees and costs, respectively.

More than four years later, in the August 1990 Order, the court denied Levitz's motion to vacate the judgments against him as to liability. But upon his argument that the court should hold a hearing to determine the amount of damages, the court ordered vacation of the judgments as to damages on condition that Levitz post a $100,000 bond. The court also stated that "[t]he matter is referred to the magistrate to hold a hearing and make a report on the issue of damages."

In the 1991 Order the court held that the bond submitted by Levitz was insufficient because it was not an unconditional promise to pay plaintiffs up to $100,000 of whatever damages the court decided to award.

When Levitz amended his bond to comply with the conditions, the court, pursuant to the 1992 Order, vacated the judgments in so far as they related to damages. The court again ordered the case referred to a Magistrate Judge to hear and report on the issue of damages.

Over two months later, on May 15, 1992, Levitz filed a "Motion for Jury Trial" and a brief entitled "Levitz's Motion for Jury Trial—Partial Objection to Reference to Magistrate and Accompanying Memorandum of Law."

## II.

Pursuant to Rule 39 of the Federal Rules of Civil Procedure, if trial by jury has been demanded by a party, "[t]he trial of all issues so demanded shall be by jury unless (1) the parties ... consent to trial by the court sitting without a jury or (2) the court ... finds that a right of trial by jury ... does not exist under the Constitution or statutes of the United States."

The complaints in both the Frankel Action and the Frankart Action contained demands for trial by jury. Levitz could rely on those demands to preserve his right to trial by jury. *Gargiulo v. Delsole*, 769 F.2d 77, 79 (2d Cir.1985). Levitz points to no statute entitling him to a jury trial after default. Thus the issue is whether the default judgment affected his constitutional right to a jury trial.

Federal Rule of Civil Procedure 55 provides in pertinent part that if, "in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence ..., the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."

By referring to a right to a jury trial as required by "any statute," Rule 55 presupposes that a default judgment extinguishes the constitutional right to a jury trial.

Other courts have held that the constitutional right to a jury trial does not survive a default judgment. *See Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir.1974), *cert. denied*, 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974) ("the Seventh Amendment right to trial by jury does not survive a default judgment"); *Gill v. Stolow*, 18 F.R.D. 508 (S.D.N.Y.1955), *rev'd on other grounds*, 240 F.2d 669 (2d Cir.1957); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991); 5 Moore's Federal Practice ¶ 38.19[3] (2d ed. 1992) and cases cited.

To the extent that other decisions cited by Levitz suggest a contrary rule, this court declines to follow the suggestion.

Levitz says that the *Henry* and *Gill* cases are distinguishable because the defaults were entered as discovery sanctions. Levitz cites no authority and the court finds no reason in policy for such a distinction.

As the district court in *Gill* stated, 18 F.R.D. at 510, it did have discretion to grant a jury trial as to damages even after a default judgment on the merits. *See also Kormes v. Weis, Voisin & Co., Inc.*, 61 F.R.D. 608, 610 (E.D.Pa.1974); *Cinque v. Langton*, 8 Fed. Rules Serv. 55b.224, Case 1 (E.D.N.Y.1944) ("on the particular facts of this case" it was "appropriate" for jury to determine damages).

In determining in its discretion whether to grant a jury trial after a default judgment, the court considers the reasons for the default as well as Levitz's use of dilatory tactics throughout the litigation. As the 1990 Order recites, Levitz was aware of the complaints against him and actively engaged in settlement negotiations. Yet even after numerous extensions of time, he failed to respond to the complaints. Though Levitz claimed that he was not represented by counsel at the time, the court held in the 1990 Order that this argument was meritless.

Although the 1990 Order made clear that the issue of damages would be referred to a Magistrate Judge to hear and report, Levitz waited until 1992 to challenge that reference. Plaintiffs filed their complaints in 1985, and seven years later have yet to collect any damages from Levitz. They should not be compelled to wait several more months, if not years, for the court to conduct a jury trial after defendant's default and delay.

Under these circumstances the court declines to grant Levitz's motion for a jury trial.

Levitz's motion is denied. So ordered.