**Delcy GONZALEZ, Plaintiff,**

v.

**Eleftheria Theresa RAKKAS and Konstantinos Rakkas, Defendants.**

No. 93–CV–3229 (JS).

United States District Court, E.D. New York.

March 22, 1994.

New York Law School Civ. Law Clinic by Lawrence M. Grosberg, New York City, for plaintiff.

Eleftheria Theresa Rakkas and Konstantinos Rakkas, pro se.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

The instant motion comes before the Court from a federal civil-rights action brought by plaintiff Delcy Gonzalez under the Civil Rights Act of 1866, and the Fair Housing Act of 1968. The plaintiff alleges that the defendants violated her federal statutory rights by refusing to rent her an apartment on account of her race and national origin. A default judgment was entered against the defendants on the issue of liability upon their continued failure to appear in this action. Subsequently, the case was reassigned, on the plaintiff's consent, for a jury trial on the issue of damages before the Honorable Steven M. Gold, United States Magistrate Judge for the Eastern District of New York.

By Order dated February 18, 1994, Magistrate Judge Gold ruled that, in view of the defendants' default, the trial on damages would be tried before the Court, and not to a jury. In light of this determination, plaintiff now moves, pursuant to 28 U.S.C. § 636(c)(6) and Rule 73(b) of the Federal Rules of Civil Procedure, to vacate her consent to try the issue of damages before the magistrate judge. For the reasons discussed herein, plaintiff's motion is granted.

## BACKGROUND

The circumstances attending this motion are as follows. Plaintiff Delcy Gonzalez alleges in her complaint that the defendants intentionally discriminated against her on the basis of her race and national origin through their refusal to rent her an apartment located at 172–15 39th Avenue, in Flushing, New York. Plaintiff further alleges that the defendants' intent to discriminate was manifested through certain statements that they made to her, and to other persons who tested the availability of the subject premises for rent. She asserts violations of the Civil Rights Act of 1866, 42 U.S.C.A. §§ 1981–1982 (1981 & West Supp.1993), and of the Fair Housing Act of 1968, 42 U.S.C.A. §§ 3601–3631 (1977 & West Supp.1993).

In her request for relief, plaintiff seeks an injunction enjoining the defendants from continuing their discriminatory practices. Plaintiff also seeks $100,000 in compensatory damages, $100,000 in punitive damages, and the payment of her attorney's fees and costs.

In light of the defendants' continued failure to appear in this action, the Honorable Reena Raggi, United States District Judge for the Eastern District of New York, by Order dated January 7, 1994, granted the plaintiff's motion for a default judgment on the question of liability. This Order also reassigned this case to Magistrate Judge Gold for a trial on the question of damages.

On or about February 3, 1994, plaintiff's counsel executed a consent order, on behalf of his client, for the reassignment of the instant action to Magistrate Judge Gold. The consent order was approved by Magistrate Judge Gold, and signed by Judge Raggi. The defendants' failure to appear in this action was noted on this document. The consent order provides, in pertinent part:

> I hereby consent to have the above action reassigned to U.S. Magistrate Judge Gold to conduct a *jury trial* on the question of damages and report upon and recommend the entry of judgment in accordance with the jury's verdict.
>
> I consent that an appeal, if taken will be to U.S. District Court.
>
> This consent is given voluntarily.

*Gonzalez v. Rakkas*, 93–CV–3229 (RR) (E.D.N.Y. Feb. 3, 1994) (consent order) (emphasis added).[1]

By Order dated February 18, 1994 [hereinafter "Magistrate Judge Gold's Order"], Magistrate Judge Gold ruled that the issue of damages would be tried before the Court, and not to a jury. In reaching this determination, the magistrate judge first noted that "Rule 55(b)(2) [of the Federal Rules of Civil Procedure] provides for a post-default jury

---

1. This case had been designated for reassignment to this Court on January 24, 1994.

trial on damages only 'when and as required by any statute of the United States.'" Magistrate Judge Gold's Order, at 1 (quoting Fed.R.Civ.P. 55(b)(2)). Finding that the Fair Housing Act of 1968 does not provide for a jury trial, *see id.* (citing Curtis v. Loether, 415 U.S. 189 (1974)), the magistrate judge concluded that the entry of default judgment extinguished the plaintiff's right to a jury trial on damages. *See id.* at 1–2 (quoting 5 James W. Moore et al., Moore's Federal Practice ¶ 38, at 19[3] (2d ed. 1993) (default judgment extinguishes constitutional right to a jury trial on the issue of damages); *Frankart Distributors, Inc. v. Levitz*, 796 F.Supp. 75, 76 (E.D.N.Y.1992) ("Rule 55 presupposes that a default judgment extinguishes the constitutional right to a jury trial."); *Kormes v. Weis, Voisin & Co.*, 61 F.R.D. 608, 609 (E.D.Pa.1974) ("[N]either party has a constitutional right to a jury trial on the issue of damages after the entry of default.")).

Plaintiff now seeks to negate the effect of the magistrate judge's order by moving, pursuant to 28 U.S.C. § 636(c)(6) and Fed. R.Civ.P. 73(b), for an order of this Court vacating her consent to a jury trial before Magistrate Judge Gold.[2] In this motion, plaintiff sets forth two arguments. First, plaintiff asserts that, because the specific terms of plaintiff's consent to proceed before a magistrate judge were not followed, sufficient cause or circumstance exists to vacate the consent order. Second, plaintiff contends that, even if the terms of the reference were clear, the consent order should be vacated in the interests of justice. As will be discussed, the Court finds that the ambiguous language of the consent order supports its vacation on both procedural and equitable grounds.

## DISCUSSION

■ 28 U.S.C. § 636 provides the statutory basis for a district judge's reference of matters to a magistrate judge. Under this statute, a reference to a magistrate judge may be accomplished in either of two ways. First, a reference may be made—with or without the consent of the parties—pursuant to 28 U.S.C. § 636(b). *See Brown v. University Heights Management Co.*, 93 Civ. 4588 (PKL), 1993 WL 385733, at *2 (S.D.N.Y. Sept. 28, 1993) (consent of parties not required for reference under 28 U.S.C. § 636(b)). Where a reference is made under this subsection, the district judge retains supervisory responsibility over the case, and has sole authority for the entry of judgment. *See* 7 pt. 2 James W. Moore et al., Moore's Federal Practice ¶ 73.03, at 73–22 (2d ed. 1993). Alternatively, a reference may be made under 28 U.S.C. § 636(c). A reference made under this subsection requires the unanimous and explicit consent of the parties, because it vests the magistrate judge with jurisdiction to order the entry of judgment. *See Archie v. Christian*, 808 F.2d 1132, 1134–35 (5th Cir.1987) (en banc).

■ The consent order that the plaintiff requests this Court to vacate does not specify whether it derives from § 636(b) or § 636(c). *See supra.* Since, as will be discussed, these subsections ascribe different degrees of authority to a magistrate judge—and correlatively, different supervisory functions to the district judge—an analysis of these subsections is required to determine which, if either, properly applies to the Court's review of the plaintiff's motion.

### 1. Applicability of 28 U.S.C. § 636(c)

28 U.S.C. § 636(c) allows the parties to consent to the reference of a civil action to a magistrate judge for a jury or a nonjury trial, and to order the entry of judgment. *See* 28 U.S.C. § 636(c)(1).[3] As earlier discussed, the parties' consent is required for this subsection to apply. The consent must

---

**2.** By Order dated February 25, 1994, Magistrate Judge Gold postponed the trial on damages, originally scheduled for March 4, 1994, pending the Court's resolution of the instant motion.

**3.** 28 U.S.C. § 636(c)(1) provides, in pertinent part:

Notwithstanding any provision of law to the contrary, upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

be both unanimous and unambiguous, because, under the statute, it forms the basis for the magistrate judge's jurisdiction to enter an appealable judgment. *See New York Chinese TV Programs, Inc. v. U.E. Enters.,* 996 F.2d 21, 24 (2d Cir.1993); 7 pt. 2 Moore, *supra,* ¶ 73.03, at 73–22. Conversely, § 636(c) will not apply where the parties have not consented to the entry of judgment by a magistrate judge. *See* 7 pt. 2 Moore, *supra,* ¶ 73.03, at 73–22; *Archie,* 808 F.2d at 1134.

A review of the language of the consent order at issue reveals that the reference to Magistrate Judge Gold was not made pursuant to § 636(c). The language of the consent order requires the magistrate judge to "report upon and recommend the entry of judgment in accordance with the jury's verdict." Because this consent order did not authorize the magistrate judge to order the entry of judgment—this authority was retained by the district judge—the Court finds that the consent order does not derive from § 636(c). Consequently, the Court now must consider whether the reference arises pursuant to the remaining source of magistrate authority, namely, 28 U.S.C. § 636(b).

### 2. Applicability of 28 U.S.C. § 636(b)

28 U.S.C. § 636(b) authorizes a district judge to refer a number of different matters to a magistrate judge. Surveying this subsection, § 636(b)(1) authorizes a district judge to designate a magistrate judge "to hear and [to] determine any *pretrial* matter pending before the court," subject to certain exceptions. 28 U.S.C. § 636(b)(1)(A) (emphasis added). The statutorily excepted matters that a magistrate judge may not hear and determine include motions that are dispositive of a party's claim, requests for injunctive relief, and motions that seek "to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, [or] to dismiss or to permit [the] maintenance of a class action." *Id.* Although § 636(b)(1)(A) does not authorize a magistrate judge to decide any of these excepted categories of motions on his own, a district judge may designate a magistrate judge to provide a report and recommendation for the disposition of any motion so excepted. *See* 28 U.S.C. § 636(b)(1)(B). In addition, § 636(b)(1)(B) authorizes a district judge to designate a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to [the district judge] proposed findings of fact." *Id.*

Two other provisions within § 636(b) authorize the reference of matters to magistrate judges. First, 28 U.S.C. § 636(b)(2) permits a district judge to designate a magistrate judge to serve as a "special master" pursuant to Rule 53 of the Federal Rules of Civil Procedure. In order to do this, the order referring the matter to the magistrate judge must state explicitly that the reference is made under Rule 53.[4] *See* Fed.R.Civ.P. 53(f); 7 pt. 2 Moore, *supra,* ¶ 72.05, at 72–102. Finally, 28 U.S.C. § 636(b)(3) provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).[5]

Where a matter is referred to a magistrate judge under § 636(b), the district judge retains a supervisory role over the litigation. This supervisory role may be invoked in three ways. First, with respect to nondispositive matters, such as a discovery order, a party may request the district judge's review by filing objections with the court within ten days of being served a copy of the magistrate

---

4. 28 U.S.C. § 636(b)(2) is not applicable here because the order of reference does not state that Magistrate Judge Gold is to serve as a special master.

5. In addition, § 636(b)(4) provides that "[e]ach district court shall establish rules pursuant to which the magistrates shall discharge their duties." 28 U.S.C. § 636(b)(4). With respect to this provision, the United States District Courts for the Southern and Eastern Districts of New York have adopted joint-local rules entitled "Rules for Proceedings before Magistrate Judges." Of note, Rule 13 provides that, unless specifically stated otherwise in the order of reference, any case referred to a magistrate judge for general pretrial supervision confers on the magistrate judge such jurisdiction set forth in 28 U.S.C. § 636(b)(1)(A). Further, Rule 8 implements the consent jurisdiction procedure of 28 U.S.C. § 636(c).

judge's order.[6] *See* Fed.R.Civ.P. 72(a). As to such matters, the magistrate judge's order will be disturbed only to the extent that it is "clearly erroneous or contrary to law." *Id.*

Second, with respect to pretrial matters dispositive to the litigation, such as a motion to dismiss the plaintiff's complaint, the district judge may request a report and recommendation from the magistrate, including a proposed finding of fact when appropriate. Within ten days of receiving a copy of the recommended disposition, a party may serve and file specific, written objections to the magistrate's report and recommendation.[7] In such event, the district judge is required to make a *de novo* determination of any portion of the magistrate judge's recommendations that has been objected to. *See* Fed.R.Civ.P. 72(b).

Rule 73(b), which the plaintiff invokes in the motion before the Court, provides a third means by which a district judge may review the rulings of a magistrate judge prior to the entry of judgment. Rule 73(b) allows a district judge, "for good cause shown on the judge's motion, or under extraordinary circumstances shown by a party," to vacate a reference of a civil matter to a magistrate. Fed.R.Civ.P. 73(b). This language parallels the language of 28 U.S.C. § 636(c)(6).[8] Although Rule 73(b), as written, would appear to be available only where "a magistrate has been designated to exercise civil trial jurisdiction [pursuant to] 28 U.S.C. § 636(c)," Fed.R.Civ.P. 73(b), this rule nevertheless has been invoked by district courts to vacate references made to magistrates under 28 U.S.C. § 636(b). *See, e.g., Cooley v. Foti,* Civ.A. No. 86–3704, 1988 WL 10166, at *1

(E.D.La. Feb. 5, 1988) ("Although § 636(c)(6) only delineates the standards upon which a court may vacate a § 636(c) reference, it is implicit in the statutory scheme, and a matter of common practice ..., that a district court also has the power to withdraw a § 636(b) reference."); *cf. Hollines v. Estelle,* 569 F.Supp. 146, 150 (W.D.Tex.) (discussing earlier vacation of § 636(b) reference), *aff'd,* 714 F.2d 136 (5th Cir.1983).

■ The foregoing discussion of the district judge's supervisory role under § 636(b) raises the question of whether this subsection authorizes a magistrate judge to try a civil case before a jury on the question of damages, and then report upon and recommend the entry of judgment in accordance with the jury's verdict. As the reader will observe, a finding that a magistrate judge lacks statutory authority to conduct a jury trial on damages on a report-and-recommendation basis would not moot this inquiry; for the withdrawal of the plaintiff's consent could be required, in the interests of justice, to rectify a statutorily defective reference.[9]

Each of the circuit courts of appeals that have interpreted Congress's intent in enacting 28 U.S.C. § 636(b), as ascertained in light of Congress's 1979 amendments to 28 U.S.C. § 636(c), has concluded that § 636(b) does not permit a magistrate judge to conduct a *jury trial* on a report-and-recommendation basis. *See McCarthy v. Bronson,* 500 U.S. 136, 144, 111 S.Ct. 1737, 1743, 114 L.Ed.2d 194 (1991) ("[I]n cases in which the jury right exists and is not waived, the lower courts, guided by the principle of constitutional avoidance, have consistently held that

---

**6.** A party who is successful before the magistrate judge, upon service of its adversary's objections, is "afforded an opportunity to respond to objections raised to the magistrate's ruling." Fed. R.Civ.P. 72(a) advisory committee notes.

**7.** As is the case with a magistrate judge's order concerning a nondispositive matter, a party, upon being served with another party's objections to a magistrate judge's report and recommendation, has ten days to file his response thereto. *See* Fed.R.Civ.P. 72(b).

**8.** 28 U.S.C. § 636(c)(6) provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any

party, vacate a reference of a civil matter to a magistrate."

**9.** While, in the absence of statutory authority, a reference to a magistrate judge for a jury trial on a report-and-recommendation basis would be procedurally defective, it would not be jurisdictionally defective because the district judge retains exclusive authority for the entry of judgment. *See Archie,* 808 F.2d at 1137; 7 pt. 2 Moore, *supra,* ¶ 73.03, at 73–24. The key distinction between these concepts is that a procedural defect may be waived by the parties through the absence of objection, while a jurisdictional defect may not be waived. *See Archie,* 808 F.2d at 1134.

§ 636(b) does not authorize reference to a magistrate.") ˙ (citing *Hall v. Sharpe*, 812 F.2d 644, ·647–49 (11th Cir.1987); *Archie v. Christian*, 808 F.2d 1132, ·1135–37 (5th Cir. 1987) (en banc); *Wimmer v. Cook*, 774 F.2d 68, 73–74 (4th Cir.1985)). In view of the express statutory authority that § 636(c) provides for the reference of jury trials to magistrates, the circuit courts that have considered this issue have held that references for jury trials are unavailable under § 636(b).[10] *See Hall*, 812 F.2d at 647–49; *Archie*, 808 F.2d at 1135–37; *Wimmer*, 774 F.2d at 73–74; *see also In re Wickline*, 796 F.2d 1055, 1059 (8th Cir.1986) ("Based upon our examination of the language of [§ 636(b)] and its relationship with [§ 636(c)], we conclude as did the Fourth and Fifth Circuits, that there is no statutory authority under section 636(b)(1)(B) for the nonconsensual reference of ... civil ... cases to magistrates for jury trials."); *Ford v. Estelle*, 740 F.2d 374, 379 (5th Cir.1984) ("The legislative history behind § 636(c) reveals Congress['s] understanding that its provision for consensual references would for the first time authorize a magistrate to conduct jury trials."). This interdiction also has been applied to prevent § 636(b)(3)—which authorizes magistrates to "be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States"—from being construed to authorize a nonconsensual reference for a jury trial. *See Wickline*, 796 F.2d at 1059 n. 8.

Aside from the structural distinctions between subsections (b) and (c) that are apparent in the statute, the circuit courts have paid considerable attention to the practical ramifications of allowing a magistrate to try a case before a jury on a report-and-recommendation basis. These concerns have focused upon the difficulties attending a district judge's *de novo* review of a jury's factfinding. *See Hall*, 812 F.2d at 648; *Wickline*, 796 F.2d at 1058. As the Fifth Circuit Court of Appeals wrote in *Ford:*

[A] jury trial before the magistrate involves factfinding intrinsically incapable of review de novo, and fits the structure of the Magistrates Act only in subsection (c), trial by consent. Subsection (b)'s provision for reference ... must be limited to authorize designation of magistrates to hold evidentiary hearings only for the determination of nonjury issues.... [T]o the extent that a case is to be tried to a jury it can be referred to a magistrate only upon consent of the parties under § 636(c).... Because they reflect neither of the safeguards contemplated by the Magistrates Act—close district court review or consent of the parties—references for jury trial before a magistrate cannot be justified on grounds of expedience alone.

*Ford*, 740 F.2d at 380–81. Further, the circuit courts have ascribed constitutional dimensions to this matter, reasoning that "if the court does engage in the required oversight and review, there would be interference with the jury verdict forbidden by the Seventh Amendment, because the judge's *de novo* review of the jury's factual findings would reduce the jury to a merely advisory role." *Hall*, 812 F.2d at 648–49 (citing *Ford*, 740 F.2d at 380).

The Court finds persuasive the prevailing view among the circuits that a trial by a magistrate judge before a jury, on a report-and-recommendation basis, impermissibly impairs a district judge's ability to conduct an effective *de novo* review as required by the statute. Moreover, the Court does not believe that the circuits' reasoning warrants departure where—as in the instant case—the jury's factual findings pertain solely to dam-

---

**10.** In 1979, Congress amended 28 U.S.C. § 636(c) to permit the consensual assignment of civil cases to magistrate judges for trial and the entry of judgment. *See* 7 pt. 2 Moore, *supra*, ¶ 73.01, at 73–8. Of interest, two different circuit courts of appeals that considered the question of whether, prior to the 1979 amendment, § 636(b) permitted a magistrate to conduct a jury trial on a report-and-recommendation basis, concluded that such reference was allowed. *See, e.g., Marvel v. United States*, 719 F.2d 1507, 1512 (10th Cir.1983) ("It is thus clear that the Federal Magistrates Act, prior to the adoption of the 1979 amendments, authorized reference by the court to a magistrate ... for trial when the parties consented."); *Muhich v. Allen*, 603 F.2d 1247, 1251 (7th Cir.1979) (construing local court rule, in conjunction with § 636(b)(4)—which requires district courts to "establish rules pursuant to which the magistrates shall discharge their duties"—to confer upon magistrates the authority to conduct the trial of civil cases with the consent of the parties).

ages, upon the entry of a default judgment. Indeed, to a district judge attempting a *de novo* review off a magistrate judge's report and a "cold record," issues of damages, rather than issues of liability, would be the more likely source of difficulty in assessing a jury's evaluation of witness credibility, due to the often subjective nature of damages issues. Nevertheless, while this determination ordinarily would justify vacating the instant reference for lack of statutory authority, because this case has been reassigned from a sister court, the Court wishes to comment briefly upon an additional equitable concern that guides its disposition.

The plaintiff, through her counsel's affidavit, contends that she never would have consented to the reference "[i]n the absence of the proviso that the damages trial would be before a jury." Plaintiff's Notice of Motion, item 8 (Feb. 28, 1994) (Affirmation of Lawrence M. Grosberg, Esq.). The Court acknowledges that this contention would be of little significance if the reference were made pursuant to 28 U.S.C. § 636(b), because the consent of the parties is not needed to effect a reference to a magistrate judge under this subsection. *See Brown*, 1993 WL 385733, at *2. However, in light of the "hybrid" nature of the instant consent order, which includes—in segments—the language of both subsections 636(b) and (c), but exceeds the statutory parameters of each, the Court is of the impression that the interests of justice would be served by vacating the order of reference. This equitable factor, considered in tandem with the foregoing statutory analysis, impels the Court to conclude that the plaintiff should be allowed to withdraw her consent to a trial on damages before the magistrate judge.

 There is one final matter that the Court wishes to address. The Court regards the ends of judicial administration to be

served by converting Magistrate Judge Gold's Order dated February 18, 1994 [11] into a report and recommendation.[12] Thus, in consonance with Rule 72(b) of the Federal Rules of Civil Procedure, plaintiff, within ten days of her counsel's receipt of the instant Memorandum and Order, is hereby ordered to file and to serve specific, written objections to Magistrate Judge Gold's recommendation that a jury trial on the issue of damages is not appropriate in light of the defendants' default. To the extent that the plaintiff objects to this report and recommendation, the Court will review the matter *de novo*. *See Richardson Greenshields Sec. v. Lau*, 84 Civ. 6134 (KMW), 1991 WL 125241, at *1 (S.D.N.Y. July 1, 1991) (Because the right to a jury trial is so integral, a *de novo* review of the magistrate judge's report and recommendation is warranted on this matter, even though it is not enumerated as dispositive within 28 U.S.C. § 636(b)(1)(A)).

### CONCLUSION

The order of reference to Magistrate Judge Gold for a jury trial on damages is vacated. Magistrate Judge Gold's Order dated February 18, 1994 instead will be regarded as a Report and Recommendation pursuant to Fed.R.Civ.P. 72(b). Accordingly, the Court requests that the plaintiff file any objections to this Report and Recommendation, and serve a copy of such objections upon the defendants, within 10 days of the date of the instant Memorandum and Order. The time frame for service and filing shall be subject to any additional periods of time permitted under Fed.R.Civ.P. 6.

SO ORDERED.

---

11. Magistrate Judge Gold's Order dated February 18, 1994 is described in detail in the "Background" section *supra*.

12. The Court assumes from the content of plaintiff's motion papers that the plaintiff already has been provided with a copy of Magistrate Judge Gold's February 18, 1994 ruling, in consonance with Fed.R.Civ.P. 72(b). *See* Plaintiff's Notice of Motion, item 9 (Feb. 28, 1994) (Affirmation of Lawrence M. Grosberg, Esq.) ("[O]n February 18, 1994, Magistrate Judge Gold issued an order

denying plaintiff's request for a jury trial."). If, however, this assumption is incorrect, then the plaintiff shall notify the Court within five days of the date of the instant Memorandum and Order, so that a copy of this recharacterized report and recommendation can be provided. In such event, the time frame for plaintiff's response to the report and recommendation would commence upon the date that a copy of the same document were remitted by the Court.