**Jayme BENZ, Plaintiff**

v.

**SKIBA, SKIBA & GLOMSKI, d/b/a Little Caesar's, et al., Defendants.**

**Civil No. 94–336–P–H.**

United States District Court,
D. Maine.

Nov. 7, 1995.

John G. Connor, Portland, ME, for Plaintiff.

Skiba, Skiba & Glomski, Defaulted.

Thomas Glomski, Old Orchard Beach, ME, Pro Se.

## ORDER ON OBJECTION TO REMOVAL OF CASE FROM JURY TRIAL LIST

HORNBY, District Judge.

After default was entered against both the defendants in this action, I directed the Clerk's Office to remove the case from the jury list and inquire whether the plaintiff wished to establish her damages by affidavit or evidentiary hearing as a basis for a default judgment. Fed.R.Civ.P. 55(b)(2). The plaintiff objected to removal of the case from the jury list, arguing that she is entitled to a jury trial even after default, both by statute and by constitutional principles. I conclude that she is not entitled to a jury trial, but that she is entitled to an evidentiary hearing to determine the amount of her damages.

The plaintiff's sex discrimination complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, carries with it a right to jury trial. *See* 42 U.S.C. § 1981a(c)(1). Here, however, liability has been established by the entry of default and all that remains is the determination of damages. Fed.R.Civ.P. 55 instructs on what procedures are to be followed. Where the action is for a sum certain, the clerk can enter default judgment without further judicial involvement. Fed.R.Civ.P. 55(b)(1). If the amount of damages is uncertain, only the judge may enter a default judgment. Fed. R.Civ.P. 55(b)(2). But it is within the judge's discretion to decide whether an evidentiary hearing is even required in determining the amount of the default judgment. Fed. R.Civ.P. 55(b)(2).

The plaintiff claims that a statutory right to a jury trial survives default because of the last provision of Rule 55(b)(2), that the court "shall accord a right of trial by jury to the parties when and as required by any statute of the United States." She takes this clause to mean that her undisputed right to a jury trial on her sex discrimination claim before the defendants defaulted also survives the default. Read in context, however—a rule detailing the methods for entering judgments where default has occurred—the lan-

guage reasonably applies to statutes requiring jury trials specifically after default has occurred. The Advisory Committee note promulgated at the time of adoption supports this reading. It states explicitly that this last clause of paragraph (2) preserves 28 U.S.C. § 1874 and similar statutes. Notes of Advisory Committee on Rules, 1937 Adoption, Note to Subdivision (b).[1] Section 1874 is a very unusual statute, quite unlike 42 U.S.C. § 1981a(c)(1), or other statutes giving a general right to jury trial. Section 1874 provides that in certain types of collection actions there is a right to jury trial *even after default* (or confession). By specifying this concern with section 1874 and similar statutes, the Advisory Committee Note thus confirms that the last clause of Rule 55(b)(2) requires a jury trial after default only where a statute specifically provides for jury trial after default. Indeed, if the last clause of Rule 55(b)(2) were as broad in scope as the plaintiff would have it, there would be no reason for the Advisory Committee Note even to have referred to 28 U.S.C. § 1874.

Finally, both the academic commentators and caselaw support this reading of Rule 55(b)(2). *See* 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (1983); 5 James W. Moore, et al., *Moore's Federal Practice* ¶ 38.19[3] (1992) ("The only statute according a right of jury trial in a default case is 28 U.S.C. § 1874, . . . ."). *See also Shepherd v. American Broadcasting Cos., Inc.,* 862 F.Supp. 486, 491 n. 4 (D.D.C.1994), *vacated on other grounds,* 62 F.3d 1469 (D.C.Cir. 1995) ("The parties are clearly not entitled to a jury trial on the damages question. The sole federal statute that entitles defaulted

parties to a jury damages trial is 28 U.S.C. § 1874 . . . .") (citing Wright, Miller & Kane); *Gill v. Stolow,* 18 F.R.D. 508, 510 (S.D.N.Y. 1955), *rev'd on other grounds,* 240 F.2d 669 (2nd Cir.1957).

■ The plaintiff claims in the alternative that she has a constitutional right to a jury trial under the Seventh Amendment. Caselaw dating back to the eighteenth century, however, makes clear that the constitutional right to jury trial does not survive the entry of default. *See Raymond v. Danbury & Norwalk Railroad Co.,* 20 F.Cas. 332, 333 (C.C.D.Conn.1877) ("the assessment of damages by a jury, upon a default, is [sic] matter of practice not of right") (citing *Brown v. Van Bramm,* 3 Dall. [U.S.] 344, 355, 1 L.Ed. 629 (1797) (assessment of damages after a default by the court, instead of a jury, under the practice and laws of the state, was correct; with Chase, J., concurring upon common law principles)). *See also Johnson v. Bridgeport Deoxidized Bronze & Metal Co.,* 125 F. 631, 631 (C.C.D.Conn.1903); *Henry v. Sneiders,* 490 F.2d 315, 318 (9th Cir.1974), *cert. denied,* 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974), *cited in Eisler v. Stritzler,* 535 F.2d 148, 153 (1st Cir.1976); *In re Dierschke,* 975 F.2d 181, 185 (5th Cir.1992); *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991); *Hutton v. Fisher,* 359 F.2d 913, 919 (3d Cir.1965); *Gill v. Stolow,* 18 F.R.D. 508, 510 (S.D.N.Y.1955), *rev'd on other grounds,* 240 F.2d 669 (2d Cir.1957); *Barber v. Turberville,* 218 F.2d 34, 37 (D.C.Cir.1954); *Frankart Distributors, Inc. v. Levitz,* 796 F.Supp. 75, 76 (E.D.N.Y.1992); *Kormes v. Weis, Voisin & Co., Inc.,* 61 F.R.D. 608, 610

---

1. A typographical punctuation error in the second sentence of the Note to Subdivision (b) in certain editions of the Federal Rules may lead the reader to assume that the state laws cited therein are to be counted among the statutes "similar" to 28 U.S.C. § 1874. In fact, the semicolon that separates ". . . 2 Wash.Rev.Stat.Ann. (Remington 1932) § 411(2)" and "U.S.C., Title 28 § 1874 . . .," should be replaced with a period. *Compare* Advisory Committee on Rules for Civil Procedure, *Notes to the Rules of Civil Procedure for the District Courts of the United States* 53 (Mar. 1938). The correction clarifies that the state laws have no bearing on the meaning of "similar statutes" in the second sentence. (The state laws cited are analogues to Federal Rule 55(b)(2) and not to 28 U.S.C. § 1874. *See* Calif.Code Civ.Proc. § 585(2) (Deering 1937), *now* Cal.Civ.Proc.Code § 585(b) (post-default jury trial on damages at court's discretion); N.Y.C.P.A. § 490 (1937), *now* N.Y.Civ.Prac.L. & R. § 3215(b) (same); 2 Minn.Stat. § 9256(3) (Mason 1927), *now* Minn.R.Civ.Proc. 55.01 (no mention of jury trial); 2 Wash.Rev.Stat.Ann. § 411(2) (Remington 1932) (post-default jury trial on damages at court's discretion), *now* Wash.Super.Ct.Civ.R. 55(b)(2) (". . . , the court may conduct such hearings as are deemed necessary or, when required by statute, shall have such matters resolved by a jury.").)

& n. 3 (E.D.Pa.1074). Once again, the most authoritative treatises stand in accord. 5 Moore, et al., ¶ 38.19[3]; 10 Wright, Miller & Kane § 2688 at n. 24 (citing *Henry*, 490 F.2d 315).[2]

■ Finally, nothing on this record warrants exercise of the court's discretion to provide a post-default jury trial on damages. The plaintiff is entitled, however, to a court hearing on damages. Such a hearing shall be scheduled before the magistrate judge after the plaintiff is satisfied that the requirements for notice to the defendants have been met under Fed.R.Civ.P. 55(b)(2).

SO ORDERED.

**2.** The plaintiff cites *Bass v. Hoagland*, 172 F.2d 205 (5th Cir.1949) *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494, along with *Thorpe v. National City Bank of Tampa*, 274 F. 200 (5th Cir.1921), for the proposition that there is a Fifth Circuit line of cases upholding "a *defendant's* continued right to trial by jury on damages even after a default." *See* Pl.'s Mem. in Support of Request for Jury Trial at 6. However, in *Bass* the court upheld the defendant's right to a jury trial *only* on grounds that the default judgment was entered erroneously. *See* 172 F.2d at 209 ("But here, . . ., there was no default from which a confession of the complaint can be presumed. . . . Strong ground has been taken by the Supreme Court, and in strong language, against treating cases as in default which were not so."). *Thorpe* appears to have been overruled by *In re Dierschke*, 975 F.2d at 185 (in a default case neither the plaintiff nor defendant has a constitutional right to a jury trial on damages) (citing Moore, et al.).