294 S.E.2d 279

**Reba Gail FARLEY and Harold Kenneth Farley**

v.

**ECONOMY GARAGE, a corporation.**

**No. 15294.**

Supreme Court of Appeals of West Virginia.

Decided July 15, 1982.

---

Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Norman K. Fenstermaker and James D. Lamp, Huntington, for appellant.

Richard M. Allen, West Hamlin, for appellees.

MILLER, Chief Justice:

This is an appeal from a final order of the Circuit Court of Lincoln County denying the motion of the appellant Economy Garage (hereinafter Economy) under Rule 60(b) of the West Virginia Rules of Civil Procedure, which requested the Court to set aside a default judgment. The default judgment was entered against Economy in the amount of the *ad damnum* clause in the complaint, without benefit of an inquiry into damages. Economy maintains that, where damages are not a sum certain or capable of being made certain by computa-tion, the trial court is required to conduct a hearing to determine damages. We agree, and reverse and remand.

The appellees, Reba Gail Farley and Harold Kenneth Farley, owned a mobile home which they employed Economy to tow. In the process of towing the mobile home, Economy negligently damaged it. The Farleys filed a complaint based on negligence against Economy alleging damages in the sum of $15,000. After requesting and receiving several extensions of time to answer from plaintiffs' attorney, Economy ultimately failed to answer. The trial court entered a default judgment for the full $15,000 requested in the Farley's complaint. No inquiry into damages was requested by the Farleys and none was conducted by the trial court.

Economy contended in its Rule 60(b) motion, which was filed some three months after the default judgment was obtained, that the damages sought being based on a negligence cause of action were not a sum certain and, therefore, Rule 55(b)(2) required the court to hold a hearing to ascertain plaintiffs' damages rather than enter an amount based on the *ad damnum* clause.[1]

Rule 55 contains two provisions relating to how the amount of a default judgment is to be ascertained. In Rule 55(b)(1), if the claim sought by the plaintiff is for "a sum certain or for a sum which can by computation be made certain," then the plaintiff by an affidavit showing the sum due is given the monetary judgment.[2] In all other cases, Rule 55(b)(2) applies and as to these cases ascertainment of the damage issue is determined by this language:

"If, in order to enable the court to enter judgment or to carry it into effect,

---

1. Economy in its Rule 60(b) motion did not contest the default judgment on liability. Moreover, the parties on appeal do not dispute the fact that no damage hearing was held by the trial court. Nor is there any issue raised that the defendant "appeared" in the case prior to the default so as to bring in the three-day notice requirement of Rule 55(b)(2). *See generally* Annot., 73 A.L.R.3d 1250 (1976).

2. The entire provision of Rule 55(b)(1) is:

"Sum Certain.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit showing the defendant's failure to appear and the amount due shall direct the entry of judgment by the clerk for that amount and costs against the defendant, if he is not an infant, incompetent person, or incarcerated convict."

it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary." [3]

While this language of Rule 55(b)(2) is perhaps not a model of clarity, it does appear that when it is read with Rule 55(b)(1), that as to damage claims that are not for a sum certain or rendered certain by computation, some type of hearing must be held to ascertain the actual damages. In speaking to the foregoing language of Rule 55(b)(2), this comment is made in Lugar & Silverstein, W.Va. Rules p. 421 (1960 ed.):

"The last sentence of Rule 55(b)(2) gives the court the right to conduct such hearings or order such references as are deemed necessary (the Federal Rule adds 'and proper') if it must determine the amount of damages in order to enter judgment. This authorizes use of the 'writ of inquiry' where damages are unliquidated. Hearings may be conducted or references ordered in other cases where evidence must be taken before a default judgment can be entered."

Lugar & Silverstein also note that this provision of Rule 55(b)(2) is compatible with our prior practice embodied in W.Va.Code, 56–6–11, which in pertinent part provides:

"The court, in an action at law, if neither party require a jury, or if the defendant has failed to appear and the plaintiff does not require a jury, shall ascertain the amount the plaintiff is entitled to recover in the action, if any, and render judgment accordingly."

Moreover, we note the substantial similarity between our Rule 55(b)(2) and the federal counterpart.[4] The general interpretation of this provision in the federal rule is given in this rather cryptic statement from 6 Moore's Federal Practice § 55.07 (1982 ed.): "A default does not admit the amount of unliquidated damages." *See also Eisler v. Stritzler*, 535 F.2d 148 (1st Cir. 1976); *Flaks v. Koegel*, 504 F.2d 702 (2nd Cir. 1974); *Magette v. Daily Post*, 535 F.2d 856 (3rd Cir. 1976); *Hutton v. Fisher*, 359 F.2d 913 (3rd Cir. 1966).

It is readily apparent why a hearing should be held by a court to ascertain damages where the damages claimed are unliquidated.[5] The hearing provides the court with the necessary facts to determine the actual extent of the plaintiff's damages.

We, therefore, conclude that where a default judgment has been obtained under Rule 55(b)(2) of the West Virginia Rules of Civil Procedure, a trial court is required to hold a hearing in order to ascertain the amount of damages if the plaintiff's claim involves unliquidated damages.

---

**3.** The complete text of Rule 55(b)(2) is:

"Other Cases.—In all other cases the party entitled to a judgment by default shall apply to the court therefor and shall file with the court an affidavit showing the other party's failure to appear or otherwise defend; but no judgment by default shall be entered against an infant, incompetent person, or incarcerated convict unless represented in the action by a guardian, guardian ad litem, committee, curator or other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to

make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary."

**4.** Federal Rule 55(b)(2) contains a final clause that is not in our rule that the court "shall accord a right of trial by jury to the parties when and as required by any statute of the United States." In this case Economy does not contend that a jury trial was required. The federal rule is that in the absence of some specific statute mandating a jury trial, Rule 55(b)(2) permits the court to ascertain the damage issue or in its discretion utilize a jury. 6 Moore's Federal Practice § 55.07 (1982 ed.). *Gill v. Stolow*, 18 F.R.D. 508, 510 (1955), *aff'd*, 240 F.2d 669 (2nd Cir. 1957).

**5.** We use the term "unliquidated" as an anonym for the Rule 55(b)(1) language that the plaintiff's damage claim is "for a sum certain or for a sum which can by computation be made certain."

The failure of the trial court to conduct a hearing on the damage issue when the plaintiff's claim was unliquidated was reversible error. For this reason, its judgment on the amount of damages is reversed and the case is remanded solely for a hearing on the amount of damages.

Reversed and Remanded.