Leonardo S. JOHN, Appellant,

v.

Michael R. MURPHEY, Appellee.

No. 93–CV–1318.

District of Columbia Court of Appeals.

Argued Oct. 3, 1994.

Decided Dec. 29, 1994.

Leonardo S. John, pro se.

Michael R. Murphey, pro se.

Before STEADMAN, Associate Judge, and REILLY and BELSON, Senior Judges.

REILLY, Senior Judge:

This is an appeal from the entry by a Superior Court deputy clerk of a default judgment in the amount of $2,712.25 in an action brought by a lawyer, Michael R. Murphey (plaintiff), to recover payment for legal services furnished to a client, Leonardo S. John, in connection with the latter's claim for damages in an automobile accident which resulted in the filing of law suits here and in the courts of Prince George's County against an insurance carrier and a codefendant.

After examining the certified record and considering apparently undisputed facts from the briefs, we find no error in the clerk's entry of a default under Rule 55 because of appellant's failure to file an answer.[1] As we perceive error, however, in the entry of a damage award in a case where plaintiff's claim was not based upon a sum certain, we vacate the money judgment and remand the case for a hearing on damages.

In urging reversal, appellant first argues that he was improperly served because the verified complaint and summons were concealed among other papers he had re-

1. See Super.Ct.Civ.R. 55(a).

quested his former lawyer to return to him instead of being mailed in a separate envelope. As a result, he says, he was unaware of a duty to file an answer. Plaintiff points out, however, that the packet contained a covering letter which specifically mentioned the summons and complaint as included in its contents. He contends that this put appellant on notice of the deadline for filing an answer and hence appellant either lied or was at fault in not reading the entire letter.

As appellant never filed a belated answer requesting the court to set aside the default—an avenue of relief open to him under Super.Ct.Civ.R. 55(c)—we deem the challenged service of process adequate. Even if we accept appellant's explanation for his failure to answer, we deem his treatment of the documents in the posted envelope as negligent. Consequently, the clerk acted within the scope of his authority in entering a default. *See Joyce v. Walker,* 593 A.2d 199 (D.C.1991); *Starling v. Jephunneh Lawrence & Associates,* 495 A.2d 1157, 1161 (D.C.1985).

Appellant also argues that, in any event, the amount of the judgment entered against him for the unpaid legal fee was excessive, asserting that he was ultimately able by his own negotiations to recover three times the amount his lawyer requested him to accept before the latter withdrew his representation. Plaintiff's retort is that this issue is not properly before this court—apparently because appellant never moved the trial court to vacate the default judgment.

### I.

In order to put these arguments into perspective, a summary of the sparse record before us, as amplified by the briefs, seems appropriate.

The docket shows that the summons and complaint were served on defendant on July 31, 1993. This meant that an appearance (answer) was due before the end of August.

On September 15, the deputy clerk of the civil division, entered a default judgment in this amount, and mailed a copy to defendant, who then timely filed *pro se* a notice of appeal, stating as his grounds, *inter alia,* that he had not been given notice of the filing of the complaint and that the amount of damages demanded was in excess of any legal services furnished him. He filed no motion to stay the judgment, however.

Plaintiff then had defendant's wages garnished, and defendant received a letter of reprimand from his employer, Safeway Stores. Upon receipt of this letter, defendant promptly filed what he styled a motion for summary judgment demanding that the default be vacated because he had never been properly served. Plaintiff filed an opposition, citing his covering letter to disprove the contention that defendant was not furnished adequate notice. The defendant filed a reply explaining that he had not read the full text of the covering letter, because he and his wife were about to start a belated vacation. He also averred that all that his lawyer had done for him was to advise him that the codefendant in the Prince George's county case was willing to settle for $1,000, and that he should accept this offer. After defendant had rejected this advice (and his lawyer had withdrawn), he was able to negotiate a settlement of $3,000.

Safeway continued to deduct a portion of defendant's wages until the judgment had been satisfied.

### II.

Under Rule 55(b)(1), *supra,* a clerk may enter a money judgment, after a default, if the amount demanded is a "sum certain or a sum which by computation be made certain." This case plainly does not fall into either category. It was not an action predicated upon a precise dollar figure, e.g., a dishonored negotiable instrument or a contract prescribing liquidated damages, where recovery is sought upon a sum certain. Nor was it an action based upon an attorney-client contract for a definite fee or a fee contingent upon a percentage of recovery (i.e., an amount ascertainable by mathematical calculation after a settlement or final judgment for damages).

Instead it was a suit for reasonable value of legal services—an appraisal ordinarily call-

ing for a properly instructed jury to decide.[2] In our opinion, the clerk's office acted beyond the scope of its authority in entering a money judgment, rather than scheduling a judicial hearing on damages under Rule 55(b)(2), after noting the default. We have reached this conclusion not only because of the wording of the rule, but also the construction given it by the courts of the United States, as its text was adopted from the corresponding rule in the FEDERAL RULES OF CIVIL PROCEDURE, except for minor modifications not relevant here.

■ According to 6 MOORE'S FEDERAL PRACTICE ¶ 55.04 (1994), an unliquidated claim for attorney's fees is not a suit for a sum certain, citing *Davis v. National Mortgage Corp.*, 320 F.2d 90 (2d Cir.1963); *Baccaro v. Pisa*, 252 F.Supp. 900 (S.D.N.Y.1966). *See also Thorpe v. National City Bank of Tampa*, 274 F. 200 (5th Cir.1921). It is also well established that when a defendant contests the amount of the claim, a hearing is required on the issue of damages, since a default does not concede the amount demanded. 10 WRIGHT & MILLER: FEDERAL PRACTICE AND PROCEDURE § 2688, citing *inter alia, Pope v. United States*, 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944).

■ The fact that a plaintiff verifies a complaint for unliquidated damages does not mean that the clerk can enter judgment in the event of default upon the plaintiff's merely asking for it. The plaintiff must put on proof of damages. Had plaintiff proceeded in the proper fashion against his erstwhile client, there was a fair likelihood that defendant would have come into court after receiving the court's notice of the *ex parte* hearing on damages and sought relief from the default.

Accordingly, having held that the default should survive, we remand the case to the trial court for a hearing to determine the amount of damages, but limited to this issue. Both parties may participate in such hearing, offer evidence and engage in cross-examina-

tion. *See Firestone v. Harris*, 414 A.2d 526, 528 (D.C.1980).

We recognize, of course, that the judgment for the full amount entered has already been paid as a result of the garnishment. But such payments were made on the basis of a judgment vacated in part by this decision. Should the court after the hearing on damages determine that the sum of these payments exceeds the amount of damages plaintiff is entitled to recover, plaintiff must refund the difference.

*So ordered.*

---

**2.** The covering letter served with the summons and complaint, upon which appellee/plaintiff relies so heavily, concedes that his bill for legal fees—until ignored—was a matter of negotiation between himself and client.