501 S.E.2d 786

**FARM FAMILY MUTUAL INSURANCE COMPANY, Plaintiff below, Appellee,**

v.

**THORN LUMBER COMPANY, Defendant below,**

and

**Farmer Boy AG, Inc., Defendant below, Appellant.**

**No. 24503.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 17, 1998.

Decided March 12, 1998.

Susan R. Snowden, Martin & Seibert, L.C., Martinsburg, for Appellant.

Stephen L. Gaylock, Law Offices of Michael R. Cline, Charleston, for Appellee.

STARCHER, Justice:

This appeal from the Circuit Court of Berkeley County arises from the entry of a default judgment against the defendant-appellant, Farmer Boy AG, Inc. ("Farmer Boy"), pursuant to *West Virginia Rules of Civil Procedure* Rule 55 [1959].[1] The plain-

---

1. The Supreme Court of Appeals recently made substantial amendments to the *West Virginia Rules of Civil Procedure;* the changes are to become effective April 6, 1998.

Rule 55 of the *West Virginia Rules of Civil Procedure* was first adopted in 1959, and it is this original version of the rule that is at issue in this appeal. The text relevant to this appeal is set forth *infra* at footnote 6, as is a summary of the 1998 changes to the rule.

tiff, Farm Family Mutual Insurance Company ("Farm Family Mutual"), brought a subrogation action against Farmer Boy asserting that Farmer Boy's negligence had resulted in a loss to an insured of Farm Family Mutual. The appeal focuses on whether the circuit court abused its discretion in refusing to set aside a default judgment in favor of appellee Farm Family Mutual on the issue of damages, and in finding that the loss paid by the insurance carrier to its insured was a "sum certain" such that no evidentiary hearing was required to calculate the damages due to the appellee.

After reviewing the record, briefs, and all other matters of record, we conclude that the circuit court abused its discretion in refusing to set aside the damages award. For the reasons set forth below, we reverse and remand the case for reconsideration of Farm Family Mutual's damages.

## I.

### Factual Background

This case began with the renovation of a swine-holding facility. Appellant Farmer Boy installed ventilation, cooling, heating and sprinkling systems on the roof of the facility owned by Berkeley Clean Lean Partnership, and insured by appellee Farm Family Mutual. The renovations overburdened the structure and caused the building to collapse.

2. In addition to Farmer Boy AG, Inc., Thorn Lumber Company was also named as a defendant in the suit. It appears that Thorn Lumber Company was the contractor that actually constructed the roof of the swine-holding facility that subsequently collapsed. Thorn Lumber answered the appellee's complaint, and subsequently settled all claims with the appellee. It was dismissed as a party, and accordingly, has not participated in this appeal.

3. Farmer Boy is a foreign corporation not licensed to do business in West Virginia; accordingly, under *W.Va.Code*, 31–1–15 [1984], the West Virginia Secretary of State was constituted as the attorney-in-fact to accept service of process. The Secretary of State, upon receiving process from the circuit court clerk, was to

> ... transmit one copy of such process ... by registered or certified mail, return receipt requested, to such corporation at the address of its principal office.... Such service or acceptance of such process shall be sufficient if such

Appellee Farm Family Mutual alleges that, as a result of the roof collapse, it paid $135,-416.37 to Berkeley Clean Lean Partnership to pay for repairs to the facility. On September 8, 1995, Farm Family Mutual filed this action against Farmer Boy[2] alleging that Farmer Boy had been negligent in the renovations, and that the negligence proximately caused "property damages to [the] swine holding facility and other damages." The complaint filed by Farm Family Mutual alleged that because of the appellant's negligence, and pursuant to Farm Family Mutual's insurance contract with Berkeley Clean Lean Partnership, it was entitled to judgment in the amount of $135,416.37.

A copy of the complaint was sent by registered mail to Farmer Boy, and signed for and received by an employee for Farmer Boy.[3] The complaint appears to have disappeared, and was never acted upon by Farmer Boy or its insurer.

On February 13, 1996, Farm Family Mutual filed a motion for default judgment on all issues against the appellant, stating that Farmer Boy had failed to answer the complaint or to otherwise plead or appear. In support of the motion, the appellee presented an affidavit on the issue of damages from Gary Roman, the Subrogation Manager of Farm Family Mutual, stating that the appellant owed $135,416.37 to Farm Family Mutual.[4] No bills, invoices, testimony or other

return shall be signed by an agent *or employee* of such corporation....
*W.Va.Code*, 31–1–15 [1984] (emphasis added). This procedure was followed in this case.

*W.Va.Code*, 31–1–15 was amended in 1997, but those changes have no effect on this appeal.

4. The form affidavit states:

> Gary Roman being duly sworn, says that (s)he is the Subrogation Manager of the plaintiff in the above-entitled action; that the amount due the plaintiff from the defendant is $135,416.37, which was incurred by reason of the defendant's failure to pay amounts owing unto plaintiff, that the defendant is not an infant or an incompetent person; that the default of the defendant is evidenced by said defendant's failure to appear in this action; that the amount shown above and in the complaint is justly due and owing and that no part thereof has been paid; that the costs taxed in this action have been made or will be necessary to be incurred herein; that the defendant

evidence were presented to the circuit court. Appellant Farmer Boy did not file any pleadings with the circuit court. However, it appears that at least one representative of Farmer Boy contacted the appellee to make inquiries regarding the lawsuit. It does not appear that the appellee attempted to notify the appellant of the filing of the motion for default judgment.

On September 3, 1996, without an evidentiary hearing on the issue of damages, the circuit court entered an order granting a default judgment to Farm Family Mutual in the amount of $135,416.37. Appellant Farmer Boy subsequently learned of the default judgment, and pursuant to *West Virginia Rules of Civil Procedure* Rule 60(b) filed a motion to set aside the default judgment. On December 23, 1996 the circuit court found that:

> Plaintiff's claim is for a sum certain, being the total of various costs for the replacement and repair of chattels, represented by invoices, bills, and receipts, and thus Plaintiff's damages may be by calculation rendered certain and Plaintiff has supplied an affidavit in support of its default judgment motion attesting to the sum of such calculation and thus an inquiry into Plaintiff's damages was and is not necessary.

is not an infant nor in the military service or an incarcerated convict.
    Further affiant saith not.

5. The appellant's petition for appeal raised three issues: whether the circuit court abused its discretion in denying the motion to set aside the default judgment as to liability; whether the circuit court erred in finding that Farmer Boy was subject to the personal jurisdiction of the court; and whether the circuit court abused its discretion in refusing to set aside the default judgment as to damages when the *Rules of Civil Procedure* allow a default judgment only when a claim is for a sum certain. We granted the appeal solely on the third assignment of error regarding the dispute over the award of damages to Farm Family Mutual; the circuit court's orders as to liability and personal jurisdiction are otherwise affirmed.

6. *West Virginia Rules of Civil Procedure* Rule 55 [1959], the version applicable to this action, stated in pertinent part:
    (b) Entry.—When a party against whom a judgment for affirmative relief is sought has

The "invoices, bills, and receipts" identified in the circuit court's order are not in the record, and the parties agree that such evidence in fact was never presented to the circuit court. Appellee Farm Family Mutual simply filed a form affidavit asserting it had a right to the full sum paid to Berkeley Clean Lean Partnership; in the affidavit, the appellee did not "attest[ ] to the sum of such calculation." The circuit court denied Farmer Boy's motion to set aside the default judgment. This appeal followed.[5]

## II.

### Discussion

■ With respect to a motion to vacate a default judgment, we review the circuit court's decision under an abuse of discretion standard, but with a presumption in favor of the adjudication of cases upon their merits. Syllabus Point 3, *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970). *See also, Evans v. Holt*, 193 W.Va. 578, 457 S.E.2d 515 (1995); *State ex rel. United Mine Workers of America, Local Union 1938 v. Waters*, 200 W.Va. 289, 489 S.E.2d 266 (1997).

■ A judgment by default may be entered in West Virginia pursuant to the guidelines of *West Virginia Rules of Civil Procedure* Rule 55 [1959].[6] We discussed Rule 55

failed to plead or otherwise defend as provided by these rules, judgment by default may be entered as follows:
    (1) Sum Certain.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit showing the 'defendant's failure to appear and the amount due shall direct the entry of judgment by the clerk for that amount and costs against the defendant, if he is not an infant, incompetent person, or incarcerated convict.
    (2) Other Cases.—In all other cases the party entitled to a judgment by default shall apply to the court therefor and shall file with the court an affidavit showing the other party's failure to appear or otherwise defend; but no judgment by default shall be entered against an infant, incompetent person, or incarcerated convict unless represented in the action by a guardian, guardian ad litem, committee, curator or other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action,

in *Coury v. Tsapis*, 172 W.Va. 103, 304 S.E.2d 7 (1983), and distinguished between a "default" and a "default judgment" under the rule. "[A] default relates to the issue of liability and a default judgment occurs after damages have been ascertained." 172 W.Va. at 106, 304 S.E.2d at 10.

A default, covered by Rule 55(b)(2), "applies to cases where the amount sued for is not a sum certain. In this situation, after a default is entered, a further hearing is required in order to ascertain the damages." 172 W.Va. at 105, 304 S.E.2d at 9. We held in the sole syllabus point of *Farley v. Economy Garage*, 170 W.Va. 425, 294 S.E.2d 279 (1982) that:

> Where a default judgment.[7] has been obtained under Rule 55(b)(2) of the West Virginia Rules of Civil Procedure, a trial court is required to hold a hearing in order to ascertain the amount of damages if the plaintiff's claim involves unliquidated damages.

(Footnote added.)

Conversely, if the damages sought by the party moving for a default judgment are for a sum certain, or an amount which can be rendered certain by calculation, no evidentiary hearing on damages is necessary and the circuit court may proceed to enter a "default judgment" on all issues in the case.[8] We held in Syllabus Point 1 of *Coury v. Tsapis*, *supra*, that:

> Rule 55(b)(1) of the West Virginia Rules of Civil Procedure relates to cases where

the amount sued for is a sum certain or which can be rendered certain by computation. Upon a default in this category of cases, the court can enter a judgment not only as to liability but also to the amount due.

The dispute in this case arises over the definition of the term "sum certain," and whether the alleged $135,416.37 loss by Farm Family Mutual is a sum certain or is an amount which may be rendered certain by calculation.

On the one hand, appellee Farm Family Mutual asserts that its damages are clear, and consist of the money Farm Family Mutual expended pursuant to its insurance contract with Berkeley Clean Lean Partnership. Farm Family Mutual contends that all of the damages relate to repairs of the collapsed swine-holding facility—by adding up the bills which were paid by Farm Family Mutual (even though not in the record), the damages may be rendered certain by calculation.

On the other hand, Farmer Boy notes that the original complaint for damages alleged the money was due as a result of Farmer Boy's negligence. Farmer Boy contends that there is no evidence in the record that the damages alleged were actually caused by and are reasonably related to Farmer Boy's negligence. Further, while there is an allegation of a contract and payments between Farm Family Mutual and its insured, there is no evidence that the amount of damages had been liquidated *as to Farmer Boy*.

---

he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary.

(c) Setting Aside Default Judgment.—A judgment by default may be set aside in accordance with Rule 60(b).

As previously noted, effective April 6, 1998, numerous amendments to the *Rules of Civil Procedure* will take effect. Rule 55(a) [1998] now provides that if a party fails to plead or otherwise defend an action, the circuit clerk may enter the

party's default. Rule 55(b)(1) [1998] provides that if a claim is for a sum certain or for a sum which can by computation be made certain, at the direction of the court the circuit clerk may enter judgment for the amounts due as well. In "other cases" that involve relief other than a sum certain, Rule 55(b)(2) [1998] authorizes the circuit court to take measures it deems necessary to establish the non-defaulting party's damages or other relief.

7. The proper term here should be "default," and not "default judgment."

8. *See, supra,* footnote 6 for a discussion of the 1998 amendments to Rule 55(a) and (b)(1). These amendments authorize the circuit clerk to enter default, and to enter default judgments at the direction of the court in cases involving a sum certain.

Farmer Boy therefore argues that the circuit court erred in granting a default judgment on damages without taking evidence, and abused its discretion in refusing to set aside the default judgment as to damages. We agree with Farmer Boy's position.

Other jurisdictions considering the term "sum certain" have suggested that its meaning is similar to "liquidated amount." *See Farley v. Economy Garage,* 170 W.Va. at 427 n. 5, 294 S.E.2d at 281 n. 5. *See generally,* 46 Am.Jur.2d Judgments § 291. " 'Liquidated' means adjusted, certain, settled with respect to amount, fixed. A claim is liquidated when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law." *Hallett Construction Co. v. Iowa State Highway Comm'n,* 258 Iowa 520, 528, 139 N.W.2d 421, 426 (1966) (citations omitted). The term "sum certain" contemplates a situation where the amount due cannot be disputed. Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages can be determined without resort to extrinsic proof. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.,* 622 A.2d 1189, 1193 (Me.1993), *citing Reynolds Securities, Inc. v. Underwriters Bank & Trust Co.,* 44 N.Y.2d 568, 572–73, 406 N.Y.S.2d 743, 746, 378 N.E.2d 106, 109 (1978). A claim is not for a "sum certain" where its amount is largely a matter of opinion on which qualified persons might fairly and honestly differ. *Hallett Construction Co.,* 258 Iowa at 529, 139 N.W.2d at 427.

Courts considering the question are clear that a claim is not for a "sum certain" merely because the demand in the complaint is for a specific dollar amount. A contrary holding would permit almost any unliquidated amount to be transformed into a claim for a sum certain simply by placing a monetary figure on the item of claimed damage, even though that amount has not been fixed, settled, or agreed upon by the parties and regardless of the nature of the claim. *See Hecht Realty, Inc. v. Hastings,* 45 N.C.App. 307, 309–10, 262 S.E.2d 858, 859–60 (1980); *Beyerle Sand and Gravel, Inc., v. Martinez,* 118 Ariz. 60, 63, 574 P.2d 853, 856 (1977); *Hallett Construction Co. v. Iowa State High-*

*way Comm'n,* 258 Iowa at 528–29, 139 N.W.2d at 427. *See also, John v. Murphey,* 651 A.2d 812, 814 (D.C.App.1994) ("The fact that a plaintiff verifies a complaint for unliquidated damages does not mean that the clerk can enter judgment in the event of default upon the plaintiff's merely asking for it. The plaintiff must put on proof of damages.")

■ We therefore hold that the term "sum certain" under *West Virginia Rules of Civil Procedure* Rule 55(b)(1) [1959] contemplates a situation where the amount due cannot be reasonably disputed, is settled with respect to amount, ascertained and agreed upon by the parties, or fixed by operation of law. A claim is not for a "sum certain" merely because the claim is stated as a specific dollar amount in a complaint, verified complaint, or affidavit. Typical "sum certain" situations covered by Rule 55(b)(1) [1959] include actions on money judgments, negotiable instruments, or similar actions where the damages can be determined without resort to extrinsic proof.

■ Appellee Farm Family Mutual contends that the amount set forth in its complaint and affidavit is a "sum certain" because it was paid to Berkeley Clean Lean Partnership as a result of Farm Family Mutual's insurance contract. The appellee contends the amount is "fixed" as the amount allegedly paid under this contract, and is a specific amount. We disagree.

The amount sought by Farm Family Mutual was not predicated upon a precise dollar figure, *i.e.,* a dishonored negotiable instrument or a contract prescribing liquidated damages, where recovery is upon a sum certain. Instead, the action was based upon the allegation that appellant Farmer Boy was negligent, and that Farmer Boy was liable for any damages proximately caused by that negligence. The amount of damages in a property damage action usually calls for jury resolution.

The affidavit of Gary Roman presented by Farm Family Mutual in support of its motion for default judgment consists solely of Mr. Roman's conclusion—a legal conclusion—that the claim is for a sum certain and that the

amount was due as damages for the grounds set forth in the complaint. No facts or evidence were stated to support this conclusion, and any such evidence would be extrinsic to any debt between Farmer Boy and Berkeley Clean Lean Partnership; accordingly, we see no evidence in the record that would transform Farm Family Mutual's subrogation right into one for a sum certain.

■ As a general rule, a default establishes, as a matter of law, that the defendant is liable to the plaintiff as to each cause of action alleged in the complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983). Therefore, the circuit court's finding of Farmer Boy's default established as a matter of law that Farmer Boy was negligent in its installation of the ventilation, cooling, heating and sprinkler systems on the roof of the swine-holding structure, thereby causing the structure to collapse, and that the negligence was a proximate cause of "property damages to [the] swine holding facility and other damages."

■ Nonetheless, it is still incumbent upon the party moving for a default judgment to establish by competent evidence the amount of recoverable damages and costs to which he is entitled. *Dundee Cement,* 722 F.2d at 1323–24; *Kwik Way Stores, Inc. v. Caldwell,* 709 P.2d 36, 37–38 (Colo.Ct.App.1985); *Ar-*

*mijo v. Armijo,* 98 N.M. 518, 520, 650 P.2d 40, 42 (Ct.App.1982). The moving party must also show a nexus between the default liability and the damages. *Paxson v. Rice,* 217 Mont. 521, 526, 706 P.2d 123, 126 (1985).

■ Furthermore, when damages are unliquidated or not clearly ascertainable, a defaulting party is entitled to cross-examine witnesses and present mitigating evidence. *See, e.g., Amica Mutual Insurance Co. v. Schettler,* 768 P.2d 950 (Utah App.1989); *Paxson v. Rice,* 217 Mont. at 526, 706 P.2d at 126 (1985); *Kwik Way Stores, Inc. v. Caldwell,* 709 P.2d 36, 37 (Colo.Ct.App.1985); *Monte Produce, Inc. v. Delgado,* 126 Ariz. 320, 614 P.2d 862 (Ct.App.1980).[9]

In this case, Farm Family Mutual failed to introduce any competent evidence showing the reasonable damages and costs it was entitled to recover, and failed to show a nexus between the damages claimed and the default liability. Accordingly, we reverse the circuit court's orders, and remand the claim to allow for the presentation of proof of Farm Family Mutual's damages, and an opportunity for Farmer Boy to refute that evidence with cross-examination, evidence of mitigation, or any other relevant evidence challenging the appellee's claim for damages.[10]

**9.** We note that Rule 55(b)(2) [1959] provides that when a "party against whom judgment by default is sought has appeared in the action," the party moving for default must provide the defaulting party with notice of the default judgment motion, and thereby, an opportunity to respond to the moving party's evidence on damages. A failure to provide such notice renders the subsequent default judgment voidable. Syllabus Point 4, *Hartwell v. Marquez,* 201 W.Va. 433, 498 S.E.2d 1 (1997).

The term "appeared in the action" for purposes of Rule 55(b)(2) is quite different from an appearance for other purposes (such as establishing personal jurisdiction). An appearance for purposes of Rule 55(b)(2) may consist only of letters or conversations, while a general appearance sufficient to waive an objection to personal jurisdiction requires a greater showing of the defendant's acceptance of the court's jurisdiction. This liberal construction of the term allows for the resolution of litigation on its merits, not technical pleading rules. *See, e.g., Lutomski v. Panther Valley Coin Exchange,* 653 F.2d 270, 271

(6th Cir.1981) (per curiam) (conversations between defendant's and plaintiff's counsel concerning suit sufficient to constitute appearance); *Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc.,* 556 F.2d 308, 309 (5th Cir.1977) (letters and telephone calls from defendant's counsel constituted appearance); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 690–92 (D.C.Cir.1970) (per curiam) (settlement discussions constituted appearance). *See generally,* James W. Moore, 10 *Moore's Federal Practice,* § 55.21[2][b][i] (Matthew Bender 3d ed.).

**10.** We note that appellee Farm Family Mutual settled with defendant Thorn Lumber Company for $10,000. However, the circuit court's default judgment order does not indicate that appellant Farmer Boy is entitled to offset that settlement against appellee Farm Family Mutual's damages. On remand, the circuit court should take the Thorn Lumber settlement into account in its final order. *See Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.,* 182 W.Va. 597, 390 S.E.2d 796 (1990).

## III.

### *Conclusion*

For the reasons set forth above, we believe that the circuit court erred in granting a default judgment of $135,416.37 to appellee Farm Family Mutual, and in refusing to set aside the judgment once it became known to the appellant. Accordingly, we reverse the circuit court's September 6, 1996 and December 23, 1996 orders, and remand the case for reconsideration of the damages due the appellee.

Reversed and remanded.