[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-16144

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01026-CV-WSD-1


TERMNET MERCHANT SERVICES, INC.,

                                        Plaintiff-Appellant,

    versus

YVONNE MARSON,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 17, 2006)**

Before EDMONDSON, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

    This appeal involves the full faith and credit clause of the federal

Constitution and the requirements of due process as a limit on the application of

full faith and credit.

The case arose from a dispute about whether Termnet Merchant Services, Inc. was obligated to process American Express charges for a business operated by Yvonne Marson. In 2001, Marson sued Termnet in West Virginia state court for damages then uncertain in amount. Marson later applied to that court for default judgment against Termnet, and the court entered a default judgment for damages of $8,146.00, to cover the disputed credit charges and fees Marson paid an accountant to audit her records, plus costs and interest against Termnet. Termnet sought unsuccessfully to have West Virginia courts set aside the default judgment. Termnet then initiated the present action seeking a declaratory judgment in a Georgia federal court that the West Virginia judgment was not entitled to full faith and credit because the judgment violated Termnet's due process rights and, that therefore, Termnet's suit in Georgia was not barred by res judicata. The complaint also alleged breach of contract and fraud.

Marson moved for summary judgment, and Termnet moved for partial summary judgment on the declaratory judgment claim. The district court granted Marson's motion and denied Termnet's motion. Termnet now appeals the district court's grant of summary judgment to Marson and denial of Termnet's motion for partial summary judgment. We conclude that the state judgment did not violate Termnet's due process rights and affirm the judgment of the district court.

We accept that, in a jurisdiction which, by rule or statute, expressly requires notice to a party before entry of a judgment for damages (if the party has already "appeared" in the litigation), an entry of such a judgment against such a party (at least when the party is not represented by legal counsel) without notice is a denial of due process within the meaning of the federal Constitution. West Virginia procedural rules entitle a party that has "appeared" in a case to three days written notice before a default judgment hearing.[1] W. Va. R. Civ. P. 55(b)(2). Termnet argues that it appeared in the case when its Chairman of the Board telephoned Marson's attorney after Termnet received the summons. Marson has admitted that this conversation, in fact, occurred and that Termnet's intention to oppose the lawsuit was discussed in it. If Termnet "appeared" in the case and did not receive notice before default judgment was entered, then Termnet's procedural due process rights were violated.[2] Roxford Foods, Inc. v. Ford, 12 F.3d 875, 881-82

---

[1] Notice is not required before a trial court finds default on liability. Notice is only required before the court determines damages and enters default judgment. Farm Family Mut. Ins. Co. v. Thorn Lumber Co., 501 S.E.2d 786, 790, 792 (W. Va. 1998).

[2] Although the West Virginia Supreme Court has said that "default judgments entered without notice are voidable, but are not void," Hartwell v. Marquez, 498 S.E.2d 1, 11 (W. Va. 1997), West Virginia cannot insulate its judgments from the requirements of the due process clause. Kremer v. Chemical Constr. Corp., 102 S.Ct. 1883, 1897-98 (1982) ("A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and . . . federal courts are not required to accord full faith and credit to such a judgment.") About the pertinent default judgment underlying this case, we are aware that the West Virginia Supreme Court has written, in the context of an appeal about a state trial court's jurisdiction to issue contempt sanctions against Termnet, that "the underlying judgment in this case is valid and enforceable. When this Court refused to hear

3

(9th Cir. 1993) (determining failure to provide notice to defendant before default judgment hearing violated due process, when defendant had appeared in the case and thus was entitled to notice by Fed. R. Civ. P. 55(b), which is identical in relevant part to the West Virginia rule); see Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949)[3] (determining failure to provide notice to defendant who had filed answer, and who was thus entitled to notice by Fed. R. Civ. P. 55(b), violated due process).

The question is whether, at the time default judgment was entered, West Virginia law considered a layperson's oral communication an appearance for Rule 55(b). A "yes" answer is not obvious from the Rule itself. Termnet argues that a 1998 West Virginia Supreme Court case, Farm Family Mutual Insurance Co. v. Thorn Lumber Co., held that oral discussions constitute appearances for Rule 55(b). 501 S.E.2d 786, 792 n.9 (W. Va. 1998). A footnote in the opinion said that an appearance for Rule 55(b) "may consist only of letters or conversations." No other West Virginia Supreme Court case prior to the pertinent default judgment suggested that oral communication was an appearance. Marson disputes that oral

Petitioner's appeal of that judgment, it became the law of the case." West Virginia ex rel. Termnet Merchant Servs., Inc. v. Jordan, 619 S.E.2d 209, 215 (W. Va. 2005).

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all Fifth Circuit decisions rendered prior to October 1, 1981.

discussions constituted appearances, arguing that an earlier West Virginia Supreme Court case, in which the court had decided that oral communications between lawyers did not constitute an appearance, controlled when the default judgment underlying this case was entered.  See generally Intercity Realty Co. v. Gibson, 175 S.E.2d 452 (W. Va. 1970).[4]

The outcome-determinative issue is whether Farm Family held that oral communication could be an appearance or if the quoted language along that line was dicta.  The holding, that is, the binding legal principle of a case, depends on the specific matter then being decided by the court rather than on every judicial pronouncement in the opinion.  The true holding is inherently limited to the facts treated as material by the pertinent court and to the decision the court reached on those facts.

Most of the Farm Family opinion examined the key question before the court:  whether the damages sought in a complaint constituted a sum certain for the purpose of applying W. Va. R. Civ. P. 55(b).  The Farm Family court decided

---

[4]About six months after the default judgment pertinent to this case was entered, the West Virginia Supreme Court "disapprove[d] of the language in Intercity Realty suggesting that oral communication does not satisfy the appearance requirement of Rule 55(b)(2)."  Cales v. Wills, 569 S.E.2d 479, 486 n.7, 487 (W. Va. 2002) (saying "an 'appearance' by an otherwise defaulting party may consist of any communication to an opposing party that demonstrates either an interest in the pending litigation, or actual notice of the litigation.  The communication may be made in written or oral form.") The court decided that the defaulting party "appeared" in Cales when its representative sent a letter to the plaintiff.  Id. at 487.

the damages sought were not a sum certain and that the trial court should have held an evidentiary hearing to determine the proper amount of damages before granting default judgment under Rule 55(b)(2). It is not material to this outcome whether the defaulting party had "appeared" in Farm Family. See Farley v. Economy Garage, 294 S.E.2d 279, 279-80 (W. Va. 1982) (determining Rule 55(b)(2) required the court to hold a hearing to ascertain plaintiffs' damages when the damages sought were not a sum certain and noting that defendants had not appeared in the case). Therefore, the Farm Family opinion's language about what would constitute an appearance was dicta.

Termnet had no right to expect notice under Rule 55(b)(2) when no previous case had held that oral communication constituted an appearance under that Rule. Because Termnet had no right to expect notice, its procedural due process rights were not violated when Termnet was not notified about the default judgment hearing.

Finally, Termnet argues that the state court violated its substantive due process rights by incorrectly applying West Virginia law in refusing to (1) set aside the default judgment and (2) enforce the forum selection clause in Termnet's contract with Marson. We have reviewed the record and agree with the district court that Termnet's claims are meritless.

**AFFIRMED.**