# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Westfield Group Insurance,**
**Plaintiff Below, Petitioner**

**vs.)  No. 18-1142** (Kanawha County 18-C-734)

**Ohio Build & Remodel, LLC, and,**
**DR Roofing & Construction,**
**Defendants Below, Respondents**

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Westfield Group Insurance, by counsel Clinton W. Smith, appeals the Circuit Court of Kanawha County's December 18, 2018, order dismissing its civil action against respondents. Respondent DR Roofing and Construction ("DR Roofing"), by its owner, David Ratliff, filed a pro se response. Respondent Ohio Build and Remodel, LLC, ("OBR") made no appearance before the Court. On appeal, petitioner argues that the circuit court erred in dismissing its civil action against both respondents.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of this case concern respondent DR Roofing's installation of a hot tub at the residence of Patsy Thompson, one of petitioner's insureds. The hot tub was sold by OBR. According to petitioner, the hot tub leaked and caused certain damage to Ms. Thompson's property. After petitioner paid $13,420.04 for repairs to Ms. Thompson's property, it filed suit against respondents seeking reimbursement. Following the resolution of various issues regarding service and default judgment, the circuit court ultimately held a hearing in December of 2018 to address the issue of petitioner's damages. During this hearing, the circuit court ruled that petitioner "altogether failed to produce any competent evidence of the damages to which it claims entitlement" and the circuit court dismissed the civil action in its entirety. It is from the circuit court's December 18, 2018, "Final Order" that petitioner appeals.

We have established the following standard of review:

1

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

*Lauderdale v. Neal*, 212 W. Va. 184, 569 S.E.2d 431 (2002). We note, however, that on appeal to this Court, petitioner failed to cite a single case in support of its argument.[1] This failure is in direct contradiction of this Court's Rules of Appellate Procedure and directives issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief *must contain an argument exhibiting clearly the points of* fact and *law presented, the standard of review applicable, and citing the authorities relied on*, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented . . . as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Because petitioner's brief with regard to this lone assignment of error is inadequate and fails to comply with Rule 10(c)(7), we decline to address this argument on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 13, 2020

---

[1]Petitioner's appellate brief contains only one citation and this lone citation is not included as support for petitioner's position on appeal. Instead, petitioner includes this citation as factual information concerning the purpose of the hearing at which its civil action was dismissed. The citation appears as follows: "In the case at bar, the trial court was conducting the hearing required by *Farm Family Mutual Insurance Company v. Thorn Lumber Company*, 202 W. Va. 69, 501 S.E.2d 786 (1998)." Other than mentioning this citation in passing, petitioner provides no analysis of the case's holding and fails to explain how this case could potentially support its position before this Court.

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison